State ex rel. v. Missouri Exploration & Land Co.

STATE OF MISSOURI ex rel. JOSEPH W. FOLK, Circuit Attorney of the Eighth Judicial Circuit, Respondent, v. MISSOURI EXPLORATION AND LAND COMPANY, Appellant.

St. Louis Court of Appeals, December 9, 1902.

1. **Corporations: REPORTS: 'FAILURE OF CORPORATION TO FILE REPORT.** The duty of instituting proceedings to recover the fines and penalties provided for if corporations do not make the reports to the Secretary of State as required by sections 1013 and 1017, Revised Statutes 1899, rests on the prosecuting attorney of the county where the company is located, or, if in the city of St. Louis, on the circuit attorney, and the proceedings should be in the name of the State at the relation of the county, or of said city.

2. **Defect of Parties: PRACTICE, TRIAL: PLEADINGS: WAIVER.** Defect of parties is waived by not objecting to said defect either by demurrer or answer.

3. **Statute of Limitations.** The limitation of the time within which a suit may be brought for failure of a corporation to report to the Secretary of State is fixed at six months from the first day of September of the year in which the report is due, and the right of action accrues on that day.

4. **Pleading: PETITION, SUFFICIENCY OF.** Under Revised Statutes 1899, section 1015, providing that no corporation required by statute to furnish reports to the Secretary of State shall be excused by reason of its failure to receive blanks required to be supplied by the Secretary of State, a petition in an action to recover the penalty provided by section 1017, Revised Statutes 1899, for failure to make such report, need not allege that blanks had been mailed to the corporation therefor.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Edward D'Arcy* for appellant.

(1) Penal statutes are to be strictly construed. "When a penal statute is sought to be enforced, a case

must be made out within its terms," and a failure to do so is fatal. State to use v. Railroad, 19 Mo. App. 104; Connell v. Tel. Co., 108 Mo. 459; State v. Bryant, 90 Mo. 534; State v. Reid, 125 Mo. 43; State v. McLain, 49 Mo. App. 398; Wood v. Tel. Co., 59 Mo. App. 240; McGrew v. Railroad, 114 Mo. 216. (2) An action for a penalty due the State can not, in the absence of express authority therefor, be maintained in the name of an officer. The suit must be brought in the name of the State, or in that of the person designated by statute. Hunter v. Field, 20 Ohio 340; Colburn v. Swett, 1 Metc. (Mass.) 232; Inhabitants v. Trundy, 12 Me. 204; Brownell v. Railroad, 164 Mass. 29; Irish v. Webster, 5 Me. 171; Hedges v. Dam., 72 Cal. 523.

*Jos. W. Folk* and *Nelson Thomas* for respondent.

(1) A defendant can not complain of defect of parties plaintiff in an action, unless the point has been raised either by demurrer or by answer. "The defendant may demur to the petition, when it shall appear upon the face thereof, either: First, . . . no jurisdiction; or, second, no legal capacity to sue; third, another cause of action pending; fourth, that there is a defect of parties plaintiff or defendant." Sec. 598, R. S. 1899. "When any of the matters enumerated in section 598 do not appear upon the face of the petition, the objection may be taken by answer. If no such objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action." Sec. 602. (2) Objection to the party plaintiff in this suit should have been raised by demurrer, and not having been raised either by answer or demurrer, could not have been considered on motion for new trial and arrest of judgment. State ex rel. v. Sappington, 68 Mo. 454; Hammons v. Binford, 84 Mo. 345; Northeastern L. &

T. Co. v. Brown, 59 Mo. App. 461; Burdsall v. Davies, 58 Mo. 138; State ex rel. Johnson v. True, 20 Mo. App. 177; Walker v. Deaver, 79 Mo. 664; Railroad v. Anthony, 73 Mo. 431.

GOODE, J.—This is an action to recover a penalty under section 1017, Revised Statutes 1899, for failure of the defendant to make report to the Secretary of State for the year 1901 as provided in section 1013 of the statutes. The petition is as follows:

"State of Missouri, City of St. Louis, ss.

"In the Circuit Court, City of St. Louis, February Term, 1902.

"The State of Missouri ex rel. Joseph W. Folk, Circuit Attorney of the Eighth Judicial Circuit, Plaintiff,

v.

Missouri Exploration and Land Company (a corporation), Defendant.

"Plaintiff states that on the first day of June, A. D. 1901, and from that date up to the present time, defendant was and still is a corporation, duly organized and existing under and by virtue of the laws of the State of Missouri, and plaintiff states that at the times mentioned defendant was and now is a corporation whose stock is divided into shares, and that it was not and is not a railroad, building and loan, or insurance company, nor a corporation exempted from taxation by the laws of this State.

"Plaintiff complains of defendant herein, and for cause of action states that defendant failed to report to the Secretary of State of the State of Missouri, on the first day of July, A. D. 1901, or within sixty days thereafter, the location of its principal business office, the name of its president and secretary, the amount of its capital stock, both subscribed and paid up, the par value of its stock, and the actual value of its stock at the time of making said report, the cash value of all its personal property and of all its real estate within this State on the first day of June immediately preceding, and the amount of taxes, city, county and State, paid

by said defendant in this State for the year last preceding the report.

"Wherefore, the plaintiff prays for judgment against defendant in the sum of one thousand dollars and costs.

"JOSEPH W. FOLK,

"Circuit Attorney of the Eighth Judicial Circuit."

The judgment, omitting caption, is as follows:

"Now at this day, this cause being called for hearing, plaintiff appears by attorney but defendant comes not and plaintiff submits the cause to the court upon the pleadings, proof and evidence adduced, and the court having heard and considered the same and being fully advised finds for plaintiff and assesses plaintiff's damages at the sum of $50. It is therefore considered by the court that plaintiff do recover of defendant the damages aforesaid as assessed, to-wit: Said sum of fifty dollars and also costs of suit and have execution therefor."

Within four days after judgment, the defendant, who neither answered nor theretofore appeared, filed motions for a new trial and in arrest, and these being overruled appealed and prays a reversal on two grounds:

First, because the action was brought in the name of the State at the relation of Joseph W. Folk, circuit attorney of the Eighth Judicial Circuit, instead of at the relation of the city of St. Louis.

Second, because the petition contains no allegation that the Secretary of State had rendered a report to said circuit attorney of the defendant's delinquency, or that the action was brought to the first term of the court after the circuit attorney had received such report, or that the Secretary of State furnished defendant with blanks.

1. The duty of instituting proceedings to recover the fines and penalties provided for, if corporations do not make the report to the Secretary of State required by the statutes, rests on the prosecuting attorney of the county where the company is located, or, if in the city

of St. Louis, on the circuit attorney, and the proceedings should doubtless be in the name of the State at the relation of the county, or of said city.

This action is in the name of the State of Missouri, the proper plaintiff, and to that extent was well brought, the defect of parties consisting in the relator named; but this visible mistake was waived by not objecting to it either by demurrer or answer. R. S. 1899, secs. 598 and 682; State ex rel. v. Sappington, 68 Mo. 454; State ex rel. v. True, 20 Mo. App. (K. C.) 176.

This rule is not altered because the action is on a penal statute. 16 Ency. Plead. and Pr. 235; Railway v. State, 55 Ark. 200. If the error had been brought to the attention of the trial court it could have been cured by substituting the proper relator, and the code discourages legal ambuscades by precluding a party who lies low until after judgment from then annulling the judgment for some fault of procedure which he could easily have pointed out before.

2. The limitation of the time within which a suit may be brought for failure of a corporation to report to the Secretary of State is fixed at six months from the first day of September of the year in which the report is due, and the right of action accrues on that date.

The petition in the present case, instead of showing the action was barred, shows it was begun in time and so there can be no defense on the score of limitation.

The cause of action accrues to the State on the first day of September after the report falls due and not on the notification of the prosecuting officer by the Secretary of State of a company's default, because that notification is to be made after the first of September. The notification, therefore, is intended to apprise prosecuting officers of what companies are delinquent within their cognizance, and is in no sense a provision for the benefit of defaulting corporations. Indeed, the whole scope of the statutes on the subject shows that while various directions are given to enforce compliance with the requirements of corporation reports, the essence of the case for the statutory penalty is that a corporation

is delinquent and to make out a defense, it must show some excuse for its delinquency.

The Secretary of State is directed to send blanks to every company before the fifteenth day of June of each year for them to make their reports on, but it is provided that the failure of the Secretary of State to furnish blanks shall be no excuse for the failure of a corporation to make a report (R. S. 1899, secs. 1012 and 1015).

There is no merit, therefore, in the contention that the petition should have alleged blanks were mailed to appellant.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.