THE STATE OF MISSOURI ex rel. EARL F. NEL-
SON, Prosecuting Attorney, etc., Respondent, v.
THE S. P. POND COMPANY, Appellant.

**Kansas City Court of Appeals, January 11, 1909.**

CORPORATIONS: Foreign: Permission to do Business: Viola-
tion of Statute. An Iowa corporation did business in this
State during June and July without compliance with the. stat-
ute and without a certificate of authority from the Secretary of
State, but did secure such certificate in the latter part of
July. In November following, the State filed information
against it for violation of the statute in June and July. *Held*,
it is liable for the penalty prescribed by the statute, since
after it had violated the statute a compliance therewith before
the prosecution was begun can not effect the offense already
committed; and the cases relied upon by the defendant are
held not applicable.

Appeal from Sullivan Circuit Court.—*Hon. John P.
Butler,* Judge.

AFFIRMED.

*W. J. Roberts* and *Calfee & Eubanks* for appellant.

(1) The statute under which defendant is pro-
ceeded against is highly penal and must be strictly
construed against and liberally construed in favor of
the defendant. 2 Lewis' Sutherland on Statutory Con-
struction (2 Ed.), secs. 337, 520-527; Dwarris on Stat-
utes (1 Ed.), pp. 736, 743; State v. Railroad, 19 Mo.
App. 104; Parish v. Railroad, 63 Mo. 284; State v.
Bryant, 90 Mo. 537; State v. McChance, 110 Mo. 398,
19 S. W. 648; St. Charles v. Hackman, 133 Mo. 634,
34 S. W. 881; State v. Gritzman, 134 Mo. 512, 36 S. W.
42. (2) Statutes imposing penalties must be strictly
construed and when one proceeded against falls not
within the letter of its terms, the penalty is not enforce-

able. Snow v. Boss, 73 S. W. 637; Davis v. Pullman
. Co., 79 S. W. 637. (3) "A fine of not less than
$1000; . . . in addition to which penalty . . .
no foreign corporation, as above defined, which shall
fail to comply with this act, can maintain any suit or
action . . . in any of the courts of this State," is
the punishment provided for by section 1026 for neglect
or failure to comply with the conditions of sections
1024 and 1025. People v. Stevens, 13 Wend. (N. Y.)
341; Commonwealth v. Avery, 14 Bush. (Ky.) 625, 29
Am. Rep. 431. (4) If a foreign corporation can main-
tain an action in a Missouri court at the time it is pro-
ceeded against,—that is to say, if a portion of the pun-
ishment prescribed by section 1026 cannot be inflicted
upon it—it is not subject to a fine. (5) At the time
this suit was begun the defendant could have maintain-
ed an action in any court in this State. Carson-Rand
Co. v. Stern, 129 Mo. 381, 388. It, therefore, is not lia-
ble to the fine.

*Earl F. Nelson* for respondent.

(1) The object of the statute under which the ac-
tion is brought is remedial and not penal. (2) The
interpretation of the statute should be reasonable.
Fosburg v. Rogers, 114 Mo. 122; Plum v. Kansas City,
101 Mo. 525. (3) The true intent of the statute
should govern, and the effects and consequences of the
proposed construction may properly be considered to
ascertain the probable intention of the Legislature.
State ex rel. v. Perkins, 123 Mo. 56; Grimes v. Reynolds,
94 Mo. App. 576; Bowers v. Smith, 111 Mo. 45; St.
Louis v. Lane, 110 Mo. 254; Kane v. Railway, 112 Mo.
34; State ex rel. v. Ronbauer, 104 Mo. 619; Choteau v.
Railway, 122 Mo. 375. (4) Regard must be had for
the object which prompted the enactment and the mis-
chief to be remedied. Spitler v. Young, 63 Mo. 42;
Ross v. Railway, 111 Mo. 18; Pugh v. Railway, 118 Mo.

506. (5) Contracts made before compliance with the statute are void and are not made valid by subsequent compliance. Amusement Co. v. Amusement Co., 192 Mo. 412; Erdhardt v. Robertson Bros., 78 Mo. App. 404; Mill Co. v. Lewis, 197 Mo. 507; Bank v. Leefer, 121 Mo. App. 688; Handlin, etc., Co. v. Cons. Co., 124 Mo. App. 349; Buggy Co. v. Priebe, 123 Mo. App. 521; Roeder v. Robertson, 202 Mo. 522. (6) Therefore, if such contracts (void because of the penalty imposed) are not made valid by subsequent compliance with the statute, the corporation is not relieved from the penalty prescribed by the statute by reason of its subsequent compliance. Cases cited under point 7; Elsberry v. State, 52 Ala. 8; Nursery Co. v. Commonwealth, 55 S. W. 691; Wolfort v. Oil Co., 77 Ark. 203, 91 S. W. 306; Zink & Copper Co. v. Crump, 69 S. W. 574; A. Booth & Co. v. Weigland, 10 L. R. A. (N. S.) 693. (7) The cases holding foreign corporations can maintain actions where they have done business without compliance with the statute, on subsequent compliance are based upon the proposition that the monetary penalty is sufficient punishment where the corporation has finally complied with the statute. To relieve the corporation of this monetary penalty, as defendant contends for, would be to invite foreign corporations to evade the law because a hasty compliance after their offense was discovered would relieve them from all responsibility for their previous violations. A. Booth & Co. v. Weigland, 10 L. R. A. (N. S.) 693; Wolfort v. Oil Co., 77 Ark. 203, 91 S. W. 306; Zinc & Copper Co. v. Crupp, 69 S. W. 574; Mill & Lumber Co. v. Sims, 101 Mo. App. 579. (8) A foreign corporation doing business in Missouri must comply with the provisions of section 1025, Revised Statutes, 1899, before it does business in the State. R. S. 1899, sec. 1315; Amusement Co. v. Amusement Co., 192 Mo. 423; Erdhardt v. Robinson, 78 Mo. App. 404.

ELLISON, J.—The defendant is a corporation or-
ganized under the laws of Iowa. It was charged by the.
prosecuting attorney of Sullivan county with violat-
ing section 1025 Revised Statutes 1899, in not having
filed with the Secretary of State a copy of its charter,
etc., as prescribed by that section; and it was alleged
that by reason of such violation of the statute, it became
"subject to a fine of not less than $1,000," as provided
by section 1026 of such statute. The State's complaint
was filed November 27, 1907. A fine in the amount of
$1,000 was assessed against defendant by the trial court
and it thereupon appealed.

A demurrer to the complaint filed by the State, was
overruled, and defendant thereupon filed its answer.
The prosecuting attorney then demurred to the answer
and it was sustained by the court. The defendant stood
upon the answer and the court then assessed the fine.

The answer admitted that defendant was a corpora-
tion organized in Iowa "and that on the first day of
June, 1907, and continuously from that date until the
29th of July, 1907, it was doing business as a corpo-
ration for purposes of gain in Sullivan county, Mis-
souri." The business admitted was buying and prepar-
ing for market, farm products and shipping them to per-
sons without the State of Missouri,—all sales being
made in Iowa; and that it did this without complying
with the statute to which we have referred. But the
answer further averred that long prior to the begin-
ning of this prosecution, and ever since its beginning,
it had maintained a public office in Sullivan county,
Missouri, for the transaction of its business, and that
on the 22nd of July, 1907, it complied with the statute
by making the proper statements and filing them with
the Secretary of State, and that on the 29th of that
month the Secretary issued to it a license as required
by that statute, whereby it was licensed to engage "in
the business of buying, preparing for market as food,
and selling, farm products, with all the powers con-

venient for the purpose which is authorized by its charter."

It will be observed that the defendant's answer admits it to be an Iowa corporation which did business in this State during the month of June and part of July, 1907, without depositing the proper papers with the Secretary of State and taking out a certificate of authority as required by section 1025. On the face of such statement the defendant would, of course, be liable to the penalty prescribed by section 1026.

But it seeks to avoid such conclusion by the fact that before the beginning of this prosecution, which, as already stated, was not until November 27th, it complied with the statute and received a certificate of authority to do business from the Secretary of State. In our opinion, after there has been a violation of the statute, a compliance therewith afterwards and before a prosecution is begun, cannot affect the offense already committed. Subsequent obedience to temporal laws does not pardon prior violations. That is a divine law, but corporations having no souls to save (1 Blackstone Com., 477) have neither necessity nor right to invoke it.

But defendant has advanced a theory in aid of its defense, that the statute has prescribed as the *one* punishment for the offense that the corporation should be fined not less than $1,000 *and* should be disabled from bringing any action in this State; and that as it had been decided (Carson-Rand Co. v. Stern, 129 Mo. 381) that an after-compliance with the statute would prevent the operation or enforcement of the latter branch of the penalty, it would necessarily prevent an enforcement of the former branch inflicting the fine. There is argument advanced in support of the idea which it will not be necessary to follow, since we conclude that under the decisions of the Supreme and Appellate Courts the statute is plain and an interpretation of all its provisions not difficult. We do not think that Carson-

Rand v. Stern, supra, as it reads, has application to the case; but if it did, its force would be destroyed by subsequent cases in the Supreme Court. [Chicago Mill Co. v. Sims, 197 Mo. 507; Tri-State Amusement Co. v. Amusement Co., 192 Mo. 412.] The statute, in a variety of phases, also has been discussed by the Courts of Appeals. [Williams v. Scullin, 59 Mo. App. 30; Ehrhardt v. Robertson Bros., 78 Mo. App. 404; Blevins v. Fairley, 71 Mo. App. 259; Woolen Mills v. Edwards, 84 Mo. App. 448.]

It is next insisted that the interstate commerce law permits defendant to do what it admits it did in this case. The State combats this suggestion and cites United States v. Knight Co., 156 U. S. 1; Hopkins v. U. S., 171 U. S. 578; Coe v. Errol, 116 U. S. 517, and Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, as showing that defendant's business was not interstate commerce and in no way involved that law. It is enough to say of this that no such defense was pleaded, nor, in any way interposed in the case and it cannot now be invoked to disturb the judgment. [Fay Fruit Co. v. Mc-Kinney Bros., 103 Mo. App. 304.]

The judgment is affirmed. All concur.