## STATE ex rel. JONES, Respondent, v. HOWE SCALE COMPANY OF ILLINOIS, Appellant.

**St. Louis Court of Appeals, April 7, 1914.**

1. **DEFINITIONS: "Fines:" "Penalty."** While the word "fine" implies punishment for a criminal offense, it also implies a penalty for the infraction of a statute, which, in some cases, may be recovered in a civil action. The word "penalty" is of broader significance, being a generic term including both fines and forfeitures.

2. **STATUTES: Rules of Construction.** While, in interpreting a statute, the court must ascertain and expound the intention of the Legislature from the words and context of the statute, other sections *in pari materia*, especially when part of the same act, may be looked to for aid in arriving at its true meaning.

3. **FOREIGN CORPORATIONS: Doing Business Without Certificate of Authority: Recovery of Fine by Civil Action.** Sec. 3040, R. S. 1909, providing that foreign corporations which fail to comply with the provisions of the statute directing certain things to be done by them as a condition precedent to their right to do business in this State, shall "be subject to a fine," to be recovered in proceedings instituted by the prosecuting attorney, is not strictly criminal in character, but is remedial as well, and the fine it imposes may be recovered in a civil action instituted by the prosecuting attorney, although it may be that an information would lie also.

4. **———: ———: ———: Right of Circuit Attorney to Maintain Action.** A civil action against a foreign corporation, under Sec. 3040, R. S. 1909, to recover a penalty for doing business in the State without complying with the requirements of the statute, may be brought by the circuit attorney of the city of St. Louis, notwithstanding the statute provides that proceedings to enforce the penalty shall be instituted by the prosecuting attorney of the county, since the word "county" includes the city of St. Louis and, under Sec. 975, R. S. 1909, the circuit attorney of that city corresponds to, and performs the duties that are performed by, prosecuting attorneys in other parts of the State; the duties of the prosecuting attorney of that city relating entirely to the prosecution of misdemeanors and preliminary examinations with respect to felony charges in the St. Louis Court of Criminal Correction.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*McPheeters & Wood* and *Wm. R. Gilbert* for appellant.

(1) The court erred in overruling appellant's demurrer on the ground that the court had no jurisdiction. By section 3040, failure to comply with requirements of section 3039 subjects the offender to a fine of not less than $1000. An offense punishable by fine only is a misdemeanor. Section 4925, R. S. 1909. A violation of a statute, punishable by fine only, is a misdemeanor and properly prosecuted in the court of criminal correction. State v. Fleming, 221 Mo. 451. (2) The court erred in overruling the demurrer because there was no capacity in plaintiff or relator. The direction to the prosecuting attorney adds nothing to his natural capacity as a party litigant, but merely adds to his other duties, that of enforcing this law. State v. Wabash, 89 Mo. 562, 569. Conceding for the sake of argument merely that the prosecuting attorney might maintain a suit, no capacity is conferred upon the circuit attorney to sue under this law. The direction to the prosecuting attorneys contained in section 3040 is not applicable to the city of St. Louis. State v. Whittaker, 160 Mo. 59. This omission of the law to specially mention the circuit attorney precludes its application to the city of St. Louis. State ex rel. v. Alt, 224 Mo. 493.

*John T. Barker,* Attorney-General, and *Wm. M. Fitch,* Assistant Attorney-General, for respondent.

(1) Whenever a general statute provides that the prosecuting attorney of a county shall perform a certain duty, then that duty shall be performed by the

circuit attorney of the city of St. Louis, unless there is an express provision to the contrary. Sec. 975, R. S. 1909; Sec. 976, R. S. 1909. When the word county appears in our code of civil procedure or general statutes it shall be construed to include the city of St. Louis. Sec. 2169, R. S. Mo. 1909; Sec. 8057; State ex rel. v. Wilder, 198 Mo. 167; Henderson v. Koenig, 168 Mo. 356; State ex rel. v. Mason, 155 Mo. 486. (2) The section providing for suit to collect penalty from a foreign corporation for failure to take out a license before transacting business in this State provides for a civil action and not a criminal prosecution. Sec. 3040, R. S. Mo. 1909; State ex rel. Jos. W. Folk, Cir. Att'y, v. Land Co., 97 Mo. App. 226; State ex rel. v. Pond Co., 135 Mo. App. 81; See, also, Secs. 3030, 3031, 3034, 3047, R. S. 1909.

NORTONI, J.—This is a suit under the statute for a penalty. Defendant interposed a demurrer to plaintiff's petition, which was overruled by the court. Upon its demurrer being thus overruled, defendant declined to plead further and suffered judgment to go against it, as is frequently done in such cases. The appeal is prosecuted from this judgment, and the questions for consideration arise on the face of plaintiff's petition. The petition, omitting formal parts and signature, is as follows:

"The State of Missouri, at the relation of Seebert G. Jones, Circuit Attorney of the city of St. Louis, for first amended petition states that in 1906 and up to the date of institution of the suit, the Howe Scale Company of Illinois was a corporation for pecuniary profit, organized under the laws of Illinois, and not a railroad nor an insurance company; that it was engaged, other than through drummers and traveling salesmen, in manufacturing and selling scales, machinery, etc., in the State of Missouri, and that its principal office within the State was located in St. Louis;

that defendant neglected and failed to file in the office of the Secretary of State of the State of Missouri a copy of its charter and articles of association, duly authenticated by the proper authority, together with a sworn statement under its corporate seal, particularly setting forth the business of the corporation which it was engaged in carrying on or which it proposed to carry on in this State, and its principal officer or agent in Missouri had failed to make and forward to the Secretary of State, with the affidavits required, a statement sworn to of the proportion of the capital stock of said corporation represented by its property located and business transacted in Missouri, setting out the location of its principal office or place of business in this State for the transaction of its business where legal service might be obtained upon it, and had neglected to pay into the State treasury any incorporating tax or fee; 'whereupon plaintiff states that defendant is·subject to a fine of not less than $1000,' as provided by section 1026, Revised Statutes 1899, for which plaintiff asked judgment.''

The suit was instituted in the circuit court of the city of St. Louis, which possesses jurisdiction in civil cases alone, as, under certain provisions of the statutes, cases involving misdemeanors are committed to the court of criminal correction, and felonies to a separate division of the circuit court possessed of jurisdiction in criminal cases. Because of this, it is urged, on the demurrer, that the court possessed no jurisdiction whatever over the subject-matter of the action, and the argument proceeds in the view that the offense for which the penalty is sought to be recovered is a misdemeanor under our statute because it is denounced through levying a fine therefor. The question thus presented is to be disposed of on a consideration of the statute declaring the penalty and authorizing its recovery. The statute on which the suit predicates is parcel of the provisions relating to foreign corpora-

tions, which, in substance, prescribes conditions upon which they may be authorized to transact business in the State.

The suit predicates on section 3040, Revised Statutes 1909, which is as follows:

"Every corporation for pecuniary profit, formed in any other State, territory or country, now doing business in or which may hereafter do business in this State, which shall neglect or fail to comply with the conditions of this law, shall be subject to a fine of not less than one thousand dollars, to be recovered before any court of competent jurisdiction; and it is hereby made the duty of the Secretary of State, immediately after August 1, of the year 1891, and as often thereafter as he may be advised that corporations are doing business in contravention to sections 3037 to 3041, inclusive, to report the fact to the prosecuting attorney of the county in which the business of such corporation is located, and the prosecuting attorney shall, as soon thereafter as is practicable, institute proceedings to recover the fine herein provided for, which shall go into the revenue fund of the county in which the cause shall accrue; in addition to which penalty, on and after the going into effect of said sections no foreign corporation, as above defined, which shall fail to comply with said sections, can maintain any suit or action, either legal or equitable, in any of the courts of this State, upon any demand, whether arising out of contract or tort: *Provided,* that the provisions of this section shall not apply to railroad companies which have heretofore built their lines of railway into or through this State; nor to 'drummers' or traveling salesmen soliciting business in this State for foreign corporations which are entirely nonresident."

Because this statute declares such corporations as fall within its terms *"to be subject to a fine,"* it is urged that it creates and denounces a misdemeanor, which may be prosecuted alone in St. Louis in the

court of criminal correction, on information by the prosecuting attorney. The entire argument proceeds on and from the use of the word "fine," and this, too, on the theory that a fine obtains only as punishment for such an infraction of the law as constitutes a misdemeanor. It is true that the word "fine" in and of itself implies punishment for a criminal offense, but it is not true that this fact excludes every remedy other than a criminal prosecution to recover it. Indeed, the word "fine" implies, as well, penalty for the infraction of a statute prescribing an offense which, in some cases, may be recovered by civil action. Bouvier's Law Dictionary, in considering the word "fine" as it obtains in criminal law, says it intends "pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor. It may include a forfeiture or penalty recoverable in a civil action." For a further consideration of the question, see Hanscomb v. Russell, 11 Gray (Mass.), 373; Atchison & Neb. R. Co. v. Baty, 6 Neb. 37.

It appearing, therefore, that the employment of the word "fine" in the statute does not, in and of itself, exclude the use of all remedies for its recovery, other than that by information on the part of the prosecuting attorney, as in strictly criminal cases, the argument is to be further considered by an interpretation of the statute to the end of ascertaining the intention of the Legislature in that behalf. When the statute is thoughtfully considered, it is to be noted, first, that it does not in terms denounce the offense contemplated therein as a misdemeanor. No apt words are employed to enforce such a conclusion. Moreover, in a subsequent portion of the section the statute uses the word "penalty" interchangeably with that of "fine." However, this is of but slight significance, in that penalty is a generic term which includes both fines and forfeitures. Both words are suggestive of

punishment, but penalty is of the broader significance. [See 13 Am. & Eng. Ency. Law (2 Ed.), 53, 54.]

While, in interpreting a statute, it is the duty of the court to ascertain and expound the intention of the Legislature, from its words and context, other sections *in pari materia,* and, especially, when parcel of the same act, may be looked to for aid in arriving at the true meaning. Upon considering some of the other sections *in pari materia* with this one, it appears certain omissions are therein expressly declared to be misdemeanors, whereas no such word appears here. By section 3044, Revised Statutes 1909, it is expressly declared that the violation of any of the provisions of sections 3042 to 3047, inclusive, by any corporation "is hereby made a misdemeanor." But this does not include section 3040, now under review. It thus appearing that other sections *in pari materia* do not reveal an intention on the part of the Legislature to create a misdemeanor, so as to expressly require the penalty to be pursued by information as in criminal cases, the question is to be determined alone by reference to section 3040.

It is true that, by that section, the duty of collecting the penalty for the State is cast upon the prosecuting attorney of the county in which the business of such corporation is located, but that officer may invoke civil remedies on behalf of the State, as well as others, in proper cases. The direction to the prosecuting attorney with respect to the precise fine or penalty involved here is that "the prosecuting attorney shall . . . *institute proceedings to recover* the fine herein provided for." These words are suggestive of civil rather than criminal proceedings, in that the proceeding is to be instituted to recover. [See Stockwell v. U. S., 13 Wall. 531, 543, 80 U. S. 531, 543.] From the words and the context of the statute, it cannot be said to be designed entirely as strictly criminal or penal in character, but is rather intended to be remedial as

well.   Therefore, while it may be that an information. would lie, it is competent to pursue and recover the penalty by a civil suit as here.   [See Stockwell v. U. S., 13 Wall. 531, 80 U. S. 531; Hepner v. U. S., 213 U. S. 103; U. S. v. Zucker, 161 U. S. 475; U. S. v. Regan, — U. S. —, 34 Sup. Ct. Rep. 213; Western U. Tel. Co. v. State, — Ark. —, 101 S. W. 748.]   Obviously, the circuit court possessed jurisdiction of the subject-matter.   Both this court and the Kansas City Court of Appeals have proceeded in this view heretofore, as will appear by reference to State ex rel. Folk v. Missouri Exploration, etc. Co., 97 Mo. App. 226, 70 S. W. 1107; State ex rel. Nelson v. Pond Co., 135 Mo. App. 81, 115 S. W. 505.

The demurrer challenges the right of the Circuit Attorney of the city of St. Louis to prosecute this suit under the statute, for it is said the prosecuting attorney alone is authorized to do so.   The statute is a public one, designed to apply to the entire State, and employs the words ''prosecuting attorney of the county.''   In such acts, the word ''county'' includes the city of St. Louis, which exists under a separate organization possessing similar attributes to those enjoyed by the counties in the State.   It is true there is such an officer as the prosecuting attorney in the city of St. Louis, but his duties relate alone to the prosecution of misdemeanors and preliminary examinations with respect to felony charges in the court of criminal correction.   By a general statute (Sec. 975, R. S. 1909), the circuit attorney of the city of St. Louis is charged ''with the same duties that are prescribed by this article for prosecuting attorneys throughout the State.'' But it is said the words ''prescribed by this article'' limit the duties of the Circuit Attorney of the city of St. Louis as by inhibiting him with respect to the instant case, in that the statute (Sec. 3040, R. S. 1909) above set forth, is not parcel of the article.   It is true that section is not a part of the article referred to in

section 975, but section 1007 is of the same article as is section 975, above referred to, and relates to the duties of prosecuting attorneys. By section 1007, the prosecuting attorney is required to commence and prosecute all civil actions in the respective counties in which the State may be concerned, and, of course, section 975, above referred to, charges the Circuit Attorney of the city of St. Louis with this duty as well. No one can doubt that the State is interested in the enforcement of its laws and especially those which present a penal character. Manifestly, the circuit attorney is charged with the duty of prosecuting this civil suit under section 1007, for the duties of the prosecuting attorney of the city of St. Louis are by other statutes carved out so as to relate alone to matters falling within the purview of the court of criminal correction. It seems that a suit similar to this one proceeded heretofore to judgment in this court in the case of State ex rel. Folk, Circuit Attorney, v. Missouri Exploration, etc., Co., 97 Mo. App. 226, 70 S. W. 1107, under a statute identical with this one, in so far as the precise question in judgment is concerned, and it was there said the Circuit Attorney of St. Louis was the proper officer to move in the premises.

Other questions presented by the brief are concluded here by the judgment of the Supreme Court in this identical case, as will appear by reference thereto. [See State ex rel. Jones v. Howe Scale Co., 253 Mo. 63, 161 S. W. 789.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.