STATE OF MISSOURI AT THE RELATION OF NEW FIRST NATIONAL BANK, RELATOR, v. WARREN L. WHITE, JUDGE OF GREENE COUNTY CIRCUIT COURT AND C. L. RHODES PRODUCE COMPANY, RESPONDENTS.*

Springfield Court of Appeals. May 24, 1928.

*Corpus Juris-Cyc References: Corporations, 14aCJ, section 3784, p. 1143, n. 64; section 3790, p. 1146, n. 28; section 3792, p. 1147, n. 49; Statutes, 36Cyc, p. 1131, n. 75.

*Frank B. Williams* for relator.

*Neale & Newman* and *Warren M. Turner* for respondents.

BRADLEY, J.—Relator filed in this court petition for writ of prohibition against Hon. Warren L. White, judge of division 2 of the Greene county circuit court, and C. L. Rhodes Produce Company, a corporation, to prohibit the entry of a judgment dissolving the corporation. Respondents appeared, waived issuance and service of preliminary writ and filed a demurrer to the petition. The cause was submitted on the petition, the demurrer, a stipulation and certified copy of the files, orders, etc., in the cause of In the Matter of the Petition for Dissolution of the C. L. Rhodes Produce Company.

Relator's petition is as follows: "Relator states that it is a banking corporation, organized under the national banking laws, and doing a banking business at Springfield, Greene county, Missouri;

"That respondent, Honorable Warren L. White, is, and was at all times herein mentioned, judge of the circuit court, division number 2, in and for Greene county, Missouri, and as such judge was authorized, under the laws of the State of Missouri, to entertain jurisdiction of a proceeding to dissolve a corporation under the provisions of sections 9755, 9756, 9757, 9758, and 9759, Revised Statutes 1919. Said sections 9756, 9757, and 9759 being amended by Laws of 1921, page 264;

"That respondent, C. L. Rhodes Produce Company is, and was at all times herein mentioned, a corporation of the State of Missouri, having its principal office, or place of business, at Springfield, Greene county, Missouri;

"That on the 12th day of October, 1927, at the September term, 1927, of the Greene county circuit court, respondent, C. L. Rhodes Produce Company, filed in division 2 of said court its petition for dissolution; a certified copy of which is hereto attached marked Exhibit A, wherein said petitioner prayed an order of court 'citing such of the stockholders and creditors of said corporation, as do not enter their voluntary appearance herein, to appear in this court, on day to be named, to show cause, if any they have, against the dissolution of said company;'

"That in said petition for dissolution, said C. L. Rhodes Produce Company states and avers 'that there are no creditors, and that said company is not bound in any engagements not fully satisfied and cancelled;'

"That upon the filing of said petition respondent, Honorable Warren L. White, judge as aforesaid, made and issued an order of court denominated order of publication ordering all persons interested in the C. L. Rhodes Produce Company to show cause, if any they have, in said court, and in division number 2 thereof, on or before the 12th day of November, 1927, why such corporation should not be dissolved;

"That said order of publication was published in the Springfield Express, a weekly newspaper published in the city of Springfield, county of Greene, and State of Missouri, for four weeks consecutively, beginning on the 21st day of October, 1927, and ending on the 11th day of November, 1927;

"That notwithstanding the averment in said petition for dissolution that 'there are no creditors and that said corporation is not bound in any engagement not fully satisfied or cancelled,' the fact is that said corporation is, and was at all the times herein mentioned, indebted to relator on account of money had and received of relator, and money paid to the use of said corporation by re-

lator, by deposit of two checks in relator bank by said corporation, each in the sum of $2620, which were dishonored for insufficient funds to the credit of the drawer of said checks on the bank on which they were drawn;

"That said order of publication coming to the attention of the relator through the medium of said newspaper prior to the 12th day of November, 1927, the relator filed on the 11th day of November, 1927, in said circuit court, its objections to the dissolution of said corporation, wherein relator denied that there are no creditors of the corporation, and denied that the corporation was not bound in any engagement not fully satisfied or cancelled, and averred that said corporation was indebted to the relator in the sum of $5240, money had and received of, and money paid to its use by relator, together with six per cent interest thereon from the 8th day of March, 1927; and averred further that to recover said sum and interest, suit has been filed and is now pending in said circuit court returnable to the January term, 1928, and service of summons has been made upon said corporation; and averred further that relator will be prejudiced, hindered, and delayed in the enforcement of its demand by the dissolution of said corporation, pending the trial of said suit, and praying that the prayer of the corporation for an order adjudging and decreeing its dissolution be denied;

"That on the 18th day of November, 1927, at said term of said court, said corporation filed its motion to strike out relator's said objections on the ground that the relator, as a creditor, had no legal right to object to the dissolution of said corporation, which motion coming on to be heard before said court, at said term, on the 23rd day of November, 1927, was by the court sustained and relator's said objections were by the court stricken out by an order of record, duly made and entered in the records of said court on said date;

"That thereafter, and at said September term of court, relator on the 3rd day of December, 1927, prayed, and was granted an appeal to the Springfield Court of Appeals from the said order striking out its said objections;

"That said appeal was taken and granted in due form of law and an order was duly made, in the record of said court, granting same, and extending relator's time to file bill of exceptions to the first day of next January, 1928 term, and allowing relator ten days in vacation to file an appeal bond in the sum of $5000, and said appeal is now pending in this court;

"That thereafter, on the 17th day of December, 1927, at said September term of court, said corporation moved the court orally to enter a final judgment dissolving said corporation, notwithstanding said appeal;

"That at the time when said oral motion was made, relator's written motion to stay the said proceedings for dissolution pending said

appeal came on to be heard by the court, and the court after hearing the argument of counsel, announced that said motion to stay proceedings pending appeal would be overruled, and same was thereupon overruled by an order duly entered of record on said date in the records of said court, at said term, and the court thereupon announced that it would grant said corporation's oral motion for final judgment dissolving said corporation, and would make and enter an order of record to that effect in said court on the 24th day of December, 1927;

"That relator has given bond for appeal as required by the order granting appeal;

"That unless restrained and prohibited by the writ of prohibition herein prayed, the respondent, Honorable Warren L, White, judge as aforesaid, will on the 24th day of December, 1927, make and enter in the judgment records of his said court a final order or judgment, dissolving said corporation, notwithstanding the pendency of said appeal;

"That it is provided in section 9759, Revised Statutes 1919, as amended by Laws 1921, page 266, relating to proceedings for the dissolution of corporations as follows: 'From all final orders, judgments and decrees which may be made or rendered in any such proceedings, appeals may be taken as in civil cases, except that no appeal shall be taken from a judgment allowing the dissolution of a corporation under the provisions of this article;'

"That said order striking out relator's objections to the dissolution of said corporation is a final order or judgment, as respects relator's right to further appear in said proceedings for the purpose of objecting to the dissolution of said corporation, and that relator, under the statute quoted above, is entitled to appeal therefrom to this court, and has done so as above stated;

"That if respondent, Honorable Warren L. White, proceeds to enter final judgment dissolving said corporation, notwithstanding the relator's said appeal, then relator under the provisions of said statute, which prohibits an appeal from such final judgment of dissolution, will be deprived of all benefit of the appeal which has been granted to relator from the final order of said court striking out its said objections;

"That said respondent, Honorable Warren L. White, is without jurisdiction to enter final judgment of dissolution pending said appeal;

"That relator is in good faith claiming to be a creditor of said C. L. Rhodes Produce Company, and is in good faith objecting to the dissolution of said company, pending the suit which relator has brought to enforce its said claim; that relator has in good faith taken the appeal aforesaid, and will in good faith and with due diligence prosecute said appeal to final hearing in this court at the next term

thereof, to-wit, the March term, 1928, but said appeal will be rendered entirely fruitless, and relator will be hindered, delayed and prejudiced in the prosecution of its said suit if said final order of dissolution is made by respondent, Honorable Warren L. White, on said 24th day of December, 1927, or at any subsequent date while said appeal is pending;

"That relator has no adequate remedy at law, or in equity, against the threatened acts of respondent, Honorable Warren L. White, judge of said court, as no appeal lies therefrom;

"Relator herewith exhibits to this court an exemplification under the seal of said circuit court, and the hand of the clerk thereof, of the records and proceedings of said court in said cause in the establishment of matter stated in this petition;

"Your petitioner further states that the proceedings, threatened as aforesaid by respondent, are a direct encroachment upon the authority and jurisdiction of this court and are in contempt of this court, its authority and dignity, and that under the Constitution and laws of Missouri it is made the care of this court, that said circuit court of Greene county, Missouri, division 2, as well as all other inferior courts, keep within the bounds and limits of the jurisdiction prescribed for it in the proceedings of dissolution of corporations under the laws of the State of Missouri;

"Wherefore, relator prays to be relieved and that it may have the State's writ of prohibition directed to the said Honorable Warren L. White, judge of said circuit court, division 2, and to the said C. L. Rhodes Produce Company and its officers and directors to prohibit him, and them, from entering said final judgment dissolving said C. L. Rhodes Produce Company, and from taking cognizance of the said motion for final judgment of dissolution prior to the final determination of said appeal in this court; and that an order to show cause why said writ of prohibition should not issue be made by this court and directed to and served upon the said respondents in due form of law, and that in the meanwhile all further proceedings in said circuit court, division 2, in relation to the final dissolution of said corporation be stayed until the further orders of this court."

The demurrer alleges that relator's petition does not state grounds sufficient to support prohibition for the reasons: (1) That the appeal set forth in the petition and now pending in this court does not act as a stay of proceedings to dissolve the corporation; and (2) that relator's petition does not show that respondent judge has no jurisdiction to enter an order of dissolution notwithstanding relator's appeal now pending in this court.

Sections 9756 to and including 9760, Revised Statutes 1919, as reenacted in part in 1921, Laws 1921, page 264, prescribe the pro-

cedure for the voluntary dissolution of a corporation. Sections 9758 and 9760 were not changed by the Act of 1921. Section 9756 as reenacted in 1921 provides: (1) That whenever the directors or other officers having the management of the affairs of any private corporation organized under the laws of this State or the holders of a majority in amount of the issued and outstanding stock, shall conclude that the stock or property of the corporation has been so far reduced by losses or otherwise that the corporation will not be able to pay all just demands or afford security to those who may deal with the corporation, such corporation *may* be dissolved by a judgment of the circuit court of the county in which its principal business office is located; (2) that whenever the persons holding at least two-thirds in amount of all the issued and outstanding stock shall adopt a resolution for dissolution, whether the corporation be indebted or not, or whether its stock has depreciated below par value or not, such corporation *may* be dissolved by judgment of the circuit court; (3) that whenever the holders of at least ninety per cent in amount of all the issued and outstanding stock shall for any reason deemed sufficient adopt a resolution for dissolution such corporation *shall* be dissolved by a judgment of the circuit court; and (4) that whenever, by unanimous vote of all the stockholders, a resolution for dissolution shall be adopted, after the payment of all debts, then such corporation may be dissolved, without suit, by filing an affidavit of dissolution with the secretary of State, setting forth the facts required.

Section 9757, Laws 1921, page 265, provides that application for dissolution shall be made by petition, verified by the president and secretary or by a majority of the directors, setting forth in a clear and concise statement the reasons which induce the stockholders to desire dissolution; provided, that if such application shall be made in pursuance of a resolution for dissolution adopted by the holders of at least ninety per cent in amount of all the issued and outstanding stock, then it shall not be necessary to state in the petition for dissolution the reasons which induced the stockholders to desire dissolution, but that it will be sufficient to state in lieu of such reasons that a resolution for dissolution was adopted by the holders of at least ninety per cent in amount of all the issued and outstanding stock. Section 9757 further provides that the petition for dissolution, among other things, shall contain a full and true inventory of all the estate, real and personal, of the corporation, and a full and true inventory of all the books, vouchers and securities; a full and true account of the capital stock, specifying the names of the stockholders, their residence, if known, the number of shares belonging to each, the amount paid and the amount due on such shares; all encumbrances on the property of the corporation and of all engagements entered into not fully satisfied or canceled.

Section 9758, Revised Statutes 1919, provides that upon filing the petition for dissolution an order shall be made requiring all persons interested in the corporation to show cause, if any, on or before a day named in the order, why the corporation should not be dissolved. This section further provides that the officers and stockholders may enter their voluntary appearance at the time of filing the petition, and that those, including creditors, who do not enter their appearance and who reside in the county, shall be notified by summons reciting the filing of the petition, its general purpose and nature, and citing them to appear on a day named and show cause, if any, against dissolution. The section further provides that in addition to the summons mentioned a general order of publication shall be published in a newspaper once a week for three weeks consecutively. This section further provides that the court shall have power to continue application for service or issue new writs, and also provides that the secretary of the corporation, at least fifteen days before the day fixed for hearing the petition for dissolution, shall mail a copy of the order of publication to all stockholders nonresident of the county.

Section 9759, Laws 1921, page 266, provides (1) that upon hearing of petition to dissolve based on the conclusion of a majority of the stockholders that the shares of stock or property of the corporation have been so far reduced by losses or otherwise that it will not be able to pay all just demands or afford security to those who may deal with the corporation, or (2) when the petition to dissolve is based upon a resolution for dissolution by a vote of the holders of at least two-thirds, but not ninety per cent, of the issued and outstanding stock, the court, if satisfied that dissolution can be ordered without prejudice to the public welfare or interest of the stockholders or creditors, *may* enter judgment of dissolution; (3) that upon hearing of petition to dissolve based upon resolution to dissolve adopted by a vote of the holders of at least ninety per cent in amount of all the issued and outstanding stock, and the court shall be satisfied that such resolution has been duly adopted then the court *shall* enter judgment of dissolution. Section 9759 further provides that upon judgment of dissolution the court shall direct that the president and directors or managers shall take charge of the corporation's assets and administer them as provided by section 9755, Revised Statutes 1919. Section 9759 further provides that "from all final orders, judgments and decrees which may be made or rendered in any such proceedings, appeals may be taken as in civil cases, except that no appeal shall be taken from a judgment allowing dissolution."

The petition for dissolution was based upon a resolution adopted by the unanimous vote of all the stockholders, and complies with section 9757, Laws 1921, page 265, as to contents and alleges that

"there are no creditors and that the said company is not bound in any engagement not fully satisfied or canceled." Relator's objections to dissolution deny the allegation that the corporation had no creditors and that it was not bound in any engagement not fully satisfied or canceled. And relator in its objections to dissolution alleges that the corporation is indebted to it for money had and received in the sum of $5240. The corporation's motion to strike relator's objections was based on the ground that said objections were "irrelevant, immaterial and insufficient in law," or to the same effect as stated in relator's petition, "that relator as a creditor had no legal right to object to the dissolution of said corporation." After its objections to dissolution were striken out relator perfected its appeal from the order and judgment striking its objections and then, before the time set by respondent judge to make the order of dissolution, relator filed motion to stay further proceedings pending its appeal from the order striking its objections. This motion to stay further proceedings was overruled and relator thereupon instituted prohibition in this court.

The concrete question presented is: Did the respondent judge as the court have jurisdiction to enter a judgment of dissolution pending relator's appeal from the order striking the objections to dissolution? Or to state the question otherwise: Did the appeal operate as a *supersedeas* pending the appeal so far as concerned the entry of a judgment of dissolution? As shown, supra, the statute provides that an appeal may be taken from all final orders, judgments and decrees in proceedings to dissolve a corporation, except a judgment of dissolution. It is not contended that an appeal would not lie from the order and judgment striking out relator's objections. Section 9757, Laws 1921, page 265, requires, among other things, that the petition for dissolution shall contain "a list of all the creditors" of the corporation, section 9758, Revised Statutes 1919, provides that creditors of a corporation, petitioning for dissolution, may enter their appearance, and if they do not, then the statute requires that they be served by summons if in the county, and if not in the county, by publication. In addition to the publication as to nonresident creditors the secretary of the corporation, petitioning for dissolution, is required to mail such creditors a copy of the order of publication. The object and purpose of notice to creditors as stated in the statute is to give them opportunity to appear and show cause if any they have against the dissolution of the corporation. The petition for dissolution did not contain a list of creditors. It was alleged that there were no creditors.

By the pleadings it stands admitted so far as concerns the cause at bar that relator is a creditor of the corporation seeking dissolution. By the statute relator had the right to appear and show cause, if any it had, why the corporation should not be dissolved, unless it

is denied this right because the petition for dissolution is based upon a resolution for dissolution adopted by all the stockholders holding at least ninety per cent of all the issued and outstanding stock. In such case section 9759, Laws 1921, page 266, provides that if the court is satisfied that such resolution has been duly adopted then judgment of dissolution *shall* be entered. But section 9759 does not provide that, in case the petition for dissolution is based upon the ninety per cent resolution, creditors are prohibited or excluded from appearing and showing cause, if any they have, against dissolution. And there is no other section or rule by decision establishing such prohibition or exclusion of creditors. It is conceded that the statute law above referred to constitutes a code governing the voluntary dissolution of corporations. And when this code is read by and large there is no escape from the conclusion that the Legislature did not intend by anything in section 9759, Laws 1921, page 266, to deny creditors the right to appear and show cause against dissolution in all cases, regardless of the per cent of the issued and outstanding stock held by the stockholders voting for a resolution for dissolution. In construing a statute it is the duty of the court to ascertain the intention of the Legislature from the words and context of the particular statute, but other sections *in pari materia* may be looked to for aid in arriving at the true meaning, and especially is this so when the other sections *in pari materia* are part and parcel of the same act as the section being construed. [State ex rel. Jones v. Howe Scale Co., 182 Mo. App. 658, 166 S. W. 328.]

To hold that section 9759, Laws 1921, page 266, bars creditors from appearing and showing cause, if any they have, against dissolution, when the petition for dissolution is based upon the ninety per cent provision, would be to make a farce of all the requirements as to service upon and notice to creditors provided in section 9758, Revised Statutes 1919. Relator clearly had a right to appear and file objections, that is, show cause against dissolution, and it was the duty of the court to hear these objections and if no sufficient cause were shown, then the court had no discretion in this case, since relator was the only objector, except to enter a judgment of dissolution from which there would have been no appeal. In all the other conditions as to the petition, except the ninety per cent condition, the court may or may not enter a judgment of dissolution regardless of whether or not there are objections, but when the petition is based upon the ninety per cent resolution and there are no objectors, and the court finds that the resolution was duly adopted, then there is no discretion as to the judgment to be entered. In such case a judgment of dissolution shall be entered.

Under the ninety per cent petition or any other petition, provided in the code for dissolution, if the finding be that creditors or

others mentioned in the statute would be substantially prejudiced or injured, then there could be no judgment of dissolution. By the pleadings it stands here admitted that relator would be substantially prejudiced and injured by a judgment of dissolution, hence in our view and construction of the code for dissolution the court had no power or jurisdiction to enter a judgment of dissolution so long as that condition of substantial prejudice and injury existed. As stated it is conceded that relator could appeal from the order and judgment striking out its objections, but of what avail would the appeal be, if the court may immediately, upon granting the appeal, enter a judgment of dissolution from which judgment there is no appeal. We think that the code for dissolution clearly contemplates that in all cases provided in the statute, as to the petition for dissolution, creditors may appear and resist dissolution and may appeal from final adverse holdings on their objections to dissolution, and that when all objections have been finally determined against the objectors a judgment of dissolution *may* be entered in the court's discretion, except in the case of what, we for convenience, have called the ninety per cent petition, in which case when all objections have been finally determined against the objectors, then the court must enter a judgment of dissolution.

So far as we are able to ascertain the question we have endeavored to determine is one of first impression in this State and we have, therefore, not been able to cite authority specifically supporting our conclusion as to the construction of the statutes concerned. But it seems to us that our construction is supported by sound reason when the whole statute or code for voluntary dissolution is considered.

If the code for dissolution should be construed as we have construed it then able counsel for respondent do not contend that prohibition will not lie. The preliminary writ should be made permanent, and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.