## THE STATE v. JAMES STEEN.

A fine imposed by the judgment of a Court, on conviction of an offence, does not bear interest, under our Statute.

Appeal from Smith. The appellee was convicted of a crime and fined $250, and appealed to the Supreme Court, where this judgment was affirmed. Upon the mandate of this Court, the defendant duly came into custody again, till the fine and costs be paid, and the District Attorney claimed for the State interest on the judgment. The District Court discharged the defendant, upon payment of the principal of the judgment, without interest, from which order the State appealed.

*Attorney General,* for appellant. Article 1610 of the Digest declares that " all judgments shall bear eight per cent. interest from their date," with a proviso that they shall be rendered upon contracts upon which not more than that rate shall be stipulated, thereafter to be made in writing.

In Jewett v. Thompson, (8 Tex. R. 437,) it is declared to have been the established practice, and is settled as law, to allow eight per cent. interest on all judgments, except those ren-

dered upon contracts in writing in which more than that rate has been contracted for.

After a careful examination of the authorities, I have been unable to find any case or principle which constitues the judgment before us an exception to this general rule. The fact that the Statute makes one exception, and does not embrace this class of judgments within its scope, strongly tends to confirm our position, that this case is left under the operation of the rule.

*Bowden & Chilton,* for appellee. Interest being entirely a creature of statutory provision, we may properly confine the investigation of this subject, to that branch of the law.

By reference to Article 1610, Hart. Dig., it will be seen, that all judgments rendered upon contracts entered into after January, 1840, shall bear eight per cent. interest per annum, where the contract does not stipulate a greater rate. Taking this Article in connection with Article 1608, which provides that twelve per cent. per annum *may* be stipulated and allowed, shows clearly that the rate of interest upon judgments upon *contracts*, is the only question there decided; enacting that all judgments upon contracts, in which contract there is not a different rate stipulated between the contracting parties, shall bear eight per cent. interest.

The Court, in the case of Jewett v. Thompson, (8 Tex. R. 437,) did not, either immediately or remotely, touch the question at issue. It simply expounds and construes the Act of 1840, as to the difference between the legal rate of interest which shall be allowed upon all judgments upon contracts, and the higher rate which may be stipulated by the parties contracting, and determining that the judgment interest shall follow the rate stipulated.

We contend that there is a marked difference between a judgment upon a contract, and a judgment that the party convicted stand committed until the fine and costs are paid. (4

Monroe, 163 ; 6 Id. 109 ; 1 Dana, 429 ; 3 Cowen, 415, and cases there cited ; 6 Johns. 283.)

WHEELER, J. The question in this case is novel, but we do not think it difficult, or of sufficient importance to claim a very large share of the attention of the Court.

A fine, it is true, is a judgment. In Criminal Law, it is a pecuniary punishment imposed by the judgment of a Court, upon a person convicted of crime. But we do not think it such a judgment as comes within the intention of the law, allowing interest upon judgments. It is very certain, we think, from the terms in which the law is expressed, and from its whole tenor and import, that the Legislature did not have in contemplation judgments of this character. In its nature, principle and purposes, a fine is a very different thing from the judgments which the Legislature had in view in enacting the law of interest. It is imposed as a punishment solely, and its payment, as the term imports, is an end of the punishment. Thus, (it is said) in old practice, where a party had been punished by imprisonment, he was frequently allowed to be discharged by the payment of a fine, his punishment being by such payment ended. So, in modern practice, where a party is fined and ordered to stand committed until the fine is paid, the payment has the same effect of putting an end to the punishment. And in any case where a fine constitutes the sole punishment of a party, its payment puts an end to the offence for which it was imposed, or to the legal liability growing out of such offence. (Burrill, Law Dic. tit. " FINE.")

There is equity and justice in allowing interest to be recovered upon judgments rendered upon pecuniary demands ; but it is not easy to perceive what equity there can be in requiring punishments to accumulate by the lapse of time ; or upon what principle the State can demand that fines shall accumulate in the form of interest. They are not imposed as a source of revenue ; nor upon the principle of any obligation upon the party to pay the State so much money ; or any right in the State to

demand it ; it is not upon the principle of the compounding of crime, that fines are imposed ; but solely as a punishment ; upon the same principle and for the same purposes as the higher penalties known to the law are inflicted.   But the State can have no right to impose an additional punishment in the form of interest.   And upon no other principle than that of punishment can she impose interest.   There can be no more reason for requiring fines to augment by the lapse of time, than for attaching the same consequence to other penalties.   The State has the right to enforce, and does enforce these punishments, or fines, by committing the party convicted, until the fine is paid.   But when paid, there is an end of the punishment, and he is entitled to his discharge.   There is no principle upon which his punishment can be protracted, in consequence of the time which has elapsed since its imposition.   But the payment of the fine is the end of his punishment, and legal amenability, or liability to be imprisoned for its enforcement. It entitles him to his release ; and it was for this reason, and because such was the effect of the payment, that fines used frequently to be denominated ransoms ; because the penalty might otherwise fall upon a man's person by perpetual imprisonment, unless it were redeemed or ransomed by a pecuniary fine.   (4 Bl. Com. 380.)   Although fines are imposed by the judgment of a Court, and are therefore rightly denominated judgments, yet they are the judgments which the law has annexed to crime, and are to be classed among the penalties which make up the disgusting catalogue under that title, in the hideous apparatus of misery, degradation, infamy and death, to be found in the economy of the Criminal Code.   They are more properly sentences than judgments in the sense of recoveries in civil actions, which the Legislature had in view in legislating for the allowance of interest.

We conclude that the law never intended the recovery of interest upon fines ; that there is no principle upon which the State can exact it ; and that the payment of the fine (and costs) is the end of punishment, and should be an end of the matter ;

and, consequently, that the convict was rightly discharged from imprisonment, upon payment of the fine and costs. The judgment is therefore affirmed.

Judgment affirmed.