## HEURING v. WILLIAMS, PLAINTIFF IN ERROR.

**Execution, Stay of**: MOTION TO QUASH: PRACTICE. The purpose of the 67th section of the statute concerning executions (Wag. Stat. p. 615) is to enable a defendant, by preferring a petition verified by affidavit to the judge in vacation, to obtain a stay of execution, until he can be heard in court as to whether it shall be set aside or quashed; but this does not exclude the ordinary remedy by motion to quash unsupported by affidavit made in open court in term time.

*Error to Cape Giradeau Court of Common Pleas.*—HON. H. G. WILSON, Judge.

The statute referred to, in the opinion of the court, is as follows: Sec. 67. If any person, against whom an execution shall be issued, apply to any judge of the court out of which the execution or order of sale may have been issued, by petition verified by oath or affirmation, setting forth good cause why such execution ought to be stayed, set aside or quashed, reasonable notice being previously given to the opposite party, such judge shall thereupon hear the complaint.

Sec. 68. If it appear that such execution ought to be stayed, set aside or quashed, and the petitioner enter into recognizance * * * to be approved by such judge, conditioned that if such application finally be determined against such petitioner, he will pay the debt * * * then such judge shall make an order for the stay of the execution or order of sale.

Sec. 69. The judge shall return such petition and proceedings thereon, duly certified, to the court out of which the execution was issued * * * and the clerk of such court shall enter the same upon his motion docket; and the court

shall hear and determine the same in a summary way, according to right and justice, and may award a perpetual stay of such execution or may order the execution to be enforced.

*Alex. Ross* for plaintiff in error.

*J. McWilliams* for defendant in error.

Hough, J.—On the 29th day of December, 1863, the plaintiff obtained judgment against the defendant in the Cape Girardeau Court of Common Pleas, on which judgment execution was issued on the 21st day of January, 1864, and was returned *nulla bona.*

On the 13th day of August, 1868, the defendant filed his petition in bankruptcy in the United States District Court for the Eastern District of Missouri, and on the 3d day of May, 1869, he was by the order of said court " forever discharged from all debts and claims which by said act are made provable against his estate, and which existed on the 13th day of August, A. D., 1868."

On the 24th day of March, 1873, an alias execution was issued on the judgment rendered by the Common Pleas Court, returnable to the May term of said court, and on the 26th day of May, 1873, the defendant filed, in open court, a motion for a perpetual stay of execution on said judgment, on the ground that he was discharged therefrom by the decree in bankruptcy. The motion was overruled, and the defendant has appealed.

The only question presented for determination is, whether the defendant should have proceeded by petition, verified by oath or affirmation, as provided in the 67th section of the act relating to executions, or whether the present proceeding by motion, filed in open court, was allowable.

It is evident from the provisions of the 68th and 69th sections, regulating the proceedings on the petition provided for in the 67th section, that the purpose of the statute was, as was stated in *Parker v. H. & St. Jo R. R.*, 44

Mo., 419, to give the defendant in the execution the privilege of applying to the judge at chambers, or in vacation for an order staying the execution until he can be heard in court as to whether it should be set aside or quashed. Where, however, the application is not made in vacation or during a recess of the court, but in open court, resort may be had to the customary form of proceeding by motion to quash execution at the return term in open court; and neither oath nor affirmation in support of the motion, is in such case necessary.

The judgment will be reversed and the cause remanded. All concur.                                    REVERSED.