[S. F. No. 1286.    Department Two.—August 23, 1900.]

## THE PEOPLE ex rel. R. H. WARFIELD, Respondent, v. SUTTER STREET RAILWAY COMPANY, Appellant.

USURPATION OF FRANCHISE—CIVIL ACTION—PENAL JUDGMENT.—An action for the usurpation of a franchise, based on section 803 of the Code of Civil Procedure, is in the form of a civil action, and as to the procedure therein follows the rules prescribed for civil cases, but the judgment rendered therein adjudging the defendant guilty of usurping the franchise, and imposing a fine therefor pursuant to section 809 of that code, is penal in its nature.

CXXIX. CAL.—35

ID.—INTEREST ON FINE NOT ALLOWED.—The same rule as to interest on
the fine imposed in such action should govern as applies to a
judgment for a fine in any criminal case, and no interest can
be allowed thereupon. The judgment does not come within
the terms of sections 1915 and 1920 of the Civil Code.

APPEAL from an order of the Superior Court of the City.
and County of San Francisco denying a motion to quash an
execution for a fine for usurping a franchise, or to amend the
same by striking out the interest on the fine provided for there-
in.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Naphtaly, Freidenrich & Ackerman, and Garber & Garber,
for Appellant.

W. F. Fitzgerald, Attorney General, and Freeman & Bates,
for Respondent.

GRAY, C.—This action is based on section 803 of the Code
of Civil Procedure, and was brought to have the franchise of
defendant to maintain a street railway on Bush and other
streets of San Francisco declared forfeited, and to have de-
fendant adjudged to have usurped a franchise and fined in a
sum not exceeding five thousand dollars, as provided in section
809 of the Code of Civil Procedure.   The plaintiff had judg-
ment as demanded, and the court imposed a fine on defendant
of five thousand dollars.   The defendant appealed to this
court and the judgment was affirmed.   (*People v. Sutter Street
Ry. Co.*, 117 Cal. 604.)   On the going down of the *remittitur*
execution was issued against defendant to collect the fine.   De-
fendant tendered the five thousand dollars and costs, but re-
fused to pay interest on the fine, and moved that the execu-
tion be quashed or amended by striking therefrom the por-
tion relating to interest upon said fine.   By an order duly en-
tered the court denied the motion, and the appeal before us is
from that order.

The only question for determination is, Does the judgment
imposing the five thousand dollars fine on defendant come
within the provisions of section 1920 of the Civil Code, pro-
viding that "interest is payable on judgments recovered in the

courts of this state at the rate of seven per cent per annum"? We say, without hesitation, that the case is not within the section quoted, and no interest on the fine can be recovered. It is true the provisions of law on which the action is based are found in the Code of Civil Procedure, and the action itself takes the form of a civil action, and, as to the procedure therein, it follows the rules prescribed for civil cases, and yet it is plain that the judgment adjudging the defendant to have usurped and unlawfully exercised a franchise and fining it five thousand dollars therefor is clearly penal in its nature, and the same rule as to interest should govern as applies to a judgment in any criminal case. Judgments which are penal in their nature, and have for their sole object the punishment of an offender, do not come within either the letter or spirit of said section. The section provides only for interest on "judgments recovered." The word "recovered" implies that the judgment referred to is one obtained by way of compensation and in return for an injury or a debt. The defendant in this case was not fined for the purpose of compensating the state, nor for the purpose of returning to it anything that had ever theretofore belonged to it. The judgment of fine was solely for the purpose of punishment, and was not based on any evidence of loss or damage, but rested (within the limit prescribed by the statute) solely within the discretion of the court. It would, we think, be more proper to speak of it as a sentence or judgment imposed on the defendant than to say it was a judgment recovered against him.

Again, the section in question is found in a chapter of the Civil Code entitled "Loan of Money," and in that same chapter, at section 1915, interest is defined as follows: "Interest is the compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money." On no theory of compensation to the state for the use or detention of money can interest be allowed on the judgment. The defendant was never indebted to the state, and the money derived from the fine imposed on defendant was not to be paid into the state treasury until it should be collected (Code Civ. Proc., sec. 809); and while the express provision is made for the disposition of the fine, there is no provision as to any interest on such fine,

for the good reason, no doubt, that it was never contemplated that a contention would ever be made that a fine would bear interest if not paid at the date of its imposition.

It is provided in the Penal Code, at section 1206, that "a judgment that the defendant pay a fine constitutes a lien, in like manner as a judgment in a civil action"; and at section 1214 it is provided that, "if the judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action." The Code of Civil Procedure had already provided generally for judgment liens and for the issuance of executions on judgments, but it seems the legislature thought those provisions would not be applicable to judgments in criminal cases unless they were specially made so. It follows that if this was necessary as to liens and executions, a similar special enactment was also necessary to make the general provision of the Civil Code as to interest applicable to judgments of a penal nature. And the fact that no such special enactment is to be found in the Penal Code or elsewhere furnishes an argument that the legislature did not intend that judgments of the latter character should bear interest.

The fine could be inflicted upon defendant only on its being "adjudged guilty of usurping," etc. (Code Civ. Proc., sec. 809); which further illustrates that the case has a criminal aspect as to this feature of it, and is not to be distinguished in principle from the case of *State v. Steen*, 14 Tex. 396. In that case the defendant was convicted of a crime and fined two hundred and fifty dollars, and appealed to the supreme court, which affirmed the judgment. Thereafter the district attorney claimed for the state interest on the judgment. The district court discharged the defendant upon payment of the principal of the judgment without interest, from which order the state appealed, and the supreme court of Texas, in affirming the action of the court below, said: "A fine, it is true, is a judgment. In criminal law it is a pecuniary punishment imposed by the judgment of a court upon a person convicted of crime. But we do not think it such a judgment as comes within the intention of the law allowing interest upon judgments. . . . . It is imposed as a punishment solely and its payment, as the term imports, is an end of the punishment. . . . . There is equity and justice in allowing interest to be recovered upon

judgments rendered upon pecuniary demands; but it is not easy to perceive what equity there can be in requiring punishments to accumulate by the lapse of time, or upon what principle the state can demand that fines shall accumulate in the form of interest."

We advise that the order appealed from be reversed and the cause remanded, with directions to the court below to quash the writ only as to that portion of it relating to interest upon the fine.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded, with directions to the court below to quash the writ only as to that portion of it relating to interest upon the fine.

McFarland, J., Temple, J., Henshaw, J.