THE STATE ex rel. SEEBERT G. JONES, CIRCUIT ATTORNEY OF THE CITY OF ST. LOUIS, v. THE HOWE SCALE COMPANY OF ILLINOIS, Appellant.

Division One, December 6, 1913.

1. **APPELLATE JURISDICTION: Supreme Court: Constitutional Question: Construction of Statutes: Secs. 3039 and 3040, R. S. 1909.** Whether or not the clause in Sec. 3040, R. S. 1909, providing that penalties for the violation thereof shall go to the revenue fund of the county in which the action shall accrue, conflicts with Sec. 8 of Art. 11, of the State Constitution, is not involved in an appeal from a conviction thereunder, and therefore the Supreme Court does not have jurisdiction of the appeal on the ground that a constitutional question is involved.

2. ———: ———: ———: ———: ———: Who May In-
stitute Suit. The question who is empowered to institute and
maintain proceedings to punish violators of Secs. 3039 and
3040, R. S. 1909, prohibiting foreign corporations from doing
business in this State without a license, is purely one of
statutory construction, and is not of such character as to
confer jurisdiction of an appeal upon the Supreme Court on
the ground that a constitutional question is involved.

3. ———: ———: ———: ———: ———: Enforcement by
Civil Action. The question whether Secs. 3039 and 3040, R. S.
1909, make provision for prosecuting a foreign corporation in
a civil action, is a question of statutory construction and in no
way involves a construction of the Fourteenth Amendment to
the Federal Constitution.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

Transferred to St. Louis Court of Appeals.

*McPheeters & Wood* and *William R. Gilbert* for appellant.

(1) The court erred in overruling the demurrer because section 1026 is in conflict with article 11, section 8, of the Constitution, and void. All fines go to the school fund, notwithstanding the direction in a statute to divert them to other sources. State ex rel. v. Warner, 197 Mo. 664. Any action by the court (as here) which permits one not authorized by the Constitution to sue and recover a fine or penalty, violates this section and gives to the law purporting to authorize it an effect contrary to the Constitution. (2) The court erred in overruling the demurrer because this action violates the Fourteenth Amendment of the U. S. Constitution. The statutes of Missouri make no provision for prosecuting a foreign corporation in a civil action, and authorize no such process of law. The statutes of Missouri confer upon the St. Louis Court of Criminal Correction exclusive jurisdiction of misdemeanors, and the present action denies to defendant the equal protection of a trial by jury, etc., as provided for other alleged offenders.

*John T. Barker,* Attorney-General, and *William M. Fitch,* Assistant Attorney-General, for the State.

(1) Appellant contends that Sec. 3040, R. S. 1909, contravenes section 8 of article 11 of the Constitution, in that the penalty under the statute goes to the county revenue fund when the Constitution requires it to go to the county school fund. A part of the statute may be obnoxious to the Constitution and the remainder of the statute be valid. State v. Fulks, 207 Mo. 26; State v. Martin, 230 Mo. 1; 1 Lewis's Sutherland's Stat. Con., sec. 297, notes 10 and 11; State v. Bockstruck, 136 Mo. 359; State v. Newell, 140 Mo. 287; 1 Bishop's New Crim. Law, sec. 932. (2) Sec. 3040, R. S. 1909, and other kindred statutes, are not technically criminal or penal statutes, but are strictly speaking, remedial, and exist under the police powers of the State. 8 Cyc. 863-865.

BLAIR, C.—This is a proceeding by the State of Missouri, at the relation of Seebert G. Jones, circuit attorney for the city of St. Louis, instituted in the circuit court of the city of St. Louis, against the Howe Scale Company of Illinois, a foreign corporation, for violating the statute (sections 3039 and 3040, R. S. 1909) prohibiting foreign corporations from doing business in this State without first securing a certificate or license authorizing them so to do. The judgment below was for plaintiff and the minimum punishment ($1000) was assessed against appellant.

The principal questions argued in the briefs relate to the jurisdiction of the circuit court of the city of St. Louis, the capacity of the plaintiff to sue and the right of plaintiff to proceed under section 3040 except by indictment or information. It is also contended (1) that the portion of section 3040 which provides that all sums collected for violation of sections 3039 and 3040 "shall go to the revenue fund of the

county in which the cause shall accrue," is invalid by
reason of being in conflict with section 8 of article 11,
which provides that the "clear proceeds of all penal-
ties, forfeitures and fines" shall belong to the school
fund; and (2) that "under the Fourteenth Amendment
to the United States Constitution, . . . neither
plaintiff nor relator has any right to maintain this ac-
tion."

The amount involved is not sufficient to confer ju-
risdiction of this appeal upon this court and it remains
to determine whether the character of the questions
raised is such as to do so.

It is not contended that the invalidity of that pro-
vision in section 3040 which directs that recoveries
under it shall go to the revenue fund of the county
(in this case the city) invalidates the
entire section and act or any other part
of it. It is conceded it does not do so.
It is beyond dispute that if the penalty
fixed by section 3040 falls within the
language of section 8 of article 11, it
must, when collected, go into the school
fund, but this is a matter with which appellant has
nothing to do as it pertains merely to the *disposition*
of the money taken from it, *after* it has been collected,
and is not at all a thing which now concerns appellant.
[State v. Newell, 140 Mo. 282; State ex rel. v. Warner,
197 Mo. l. c. 665.]

The question as to who is empowered to institute
and maintain the proceeding authorized by section 3040
is purely one of statutory construction, and, conse-
quently, is not of such character as to confer jurisdic-
tion of this appeal upon this court. There is no de-
batable question involving the construction of the Con-
stitution of this State raised in the record which can
be considered on this appeal, and, as a result, no war-
rant for this court's assuming jurisdiction can be found
in this branch of the case.

Jurisdiction of
Supreme Court:
Constitutional
Question:
Distinguished
From
Construction
of Statutes.

It is said in the brief, however, that "the statutes of Missouri, as cited under previous points (sections 3039 and 3040, R. S. 1909) make no provision for prosecuting a foreign corporation in a civil action, and authorize no such process of law," and it is contended that, therefore, "this action violates the Fourteenth Amendment of the Constitution of the United States."

It is not contended that a statute providing for the collection of a penalty by civil action or the application of a common law civil remedy would infringe any provision of the Fourteenth Amendment, so that the sole contention of counsel in this connection is whether the statute involved in this proceeding makes such provision. Whether or not it does is a question of statutory construction and in no way involves a construction of the Fourteenth Amendment. The suggestion that appellant is by the statute or this action denied the right of trial by jury has no basis in either the statute or the record and was never raised in the trial court and cannot be relied upon now. No other reason being suggested or appearing which authorizes the retention of jurisdiction of this appeal by this court, the case is transferred to the St. Louis Court of Appeals. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.