## UNITED STATES v. THLINKET PACKING CO.

(First Division. Juneau. July 17, 1918.)

Nos. 1034–B, 1035–B, 1036–B.

1. Costs ⊜⇒292—In Criminal Cases—Follow the Judgment.

Defendant was sentenced to pay a fine of $100 and appealed to the United States Circuit Court of Appeals, which affirmed. On return of the mandate, the defendant offered to pay the amount of the fine. The clerk taxed the costs of the trial in the lower court, amounting to $129.15, which defendant refused to pay. On appeal to the judge, *held*, the costs of prosecution follow the judgment as a matter of course, and defendant must pay such costs.

2. Costs ⊜⇒317—Interest on Judgment—Brief of Appellee.

Defendant was sentenced to pay a fine of $100, and appealed to the United States Circuit Court of Appeals, which affirmed. On return of the mandate the government taxed the costs of the trial in the lower court against the defendant, and therein taxed interest on the judgment, and printing the appellee's brief on appeal. The clerk refuses to allow the items for interest and brief, and, on appeal to the judge, *held*, interest on the judgment and appellee's brief are not allowable costs.

James A. Smiser, U. S. Atty.
John R. Winn, of Juneau, for defendant.

JENNINGS, District Judge. In this case the sentence is that defendant pay a fine of $100 (nothing is said about costs or interest). Defendant appealed, and the judgment was affirmed by the Circuit Court of Appeals.

On return of the mandate the defendant offered the clerk $100 (the amount which had been imposed as fine). The government filed a bill of costs of the prosecution, and the costs were taxed by the clerk as follows:

⊜⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

| Clerk's fees | $ 20.95 |
|---|---|
| Marshal's fees (three services, indictment and warrant) | 9.00 |
| Trial fee | 12.00 |
| J. L. Neville, witness fees, 14 days | 42.00 |
| H. Ward, witness fees, 15 days | 45.00 |
| Filing and swearing to cost bill | .20 |
| Total | $129.15 |

### Defendant's Appeal

The defendant, objecting to the taxation of any costs at all, contending that, as there was no award of costs, none could be collected, appeals from said taxation by the clerk.

I find it laid down that, "if costs follow the judgment as of course, no special award is necessary" (11 Cyc. 146, note 74), but that, "when costs do not follow the judgment as of course, but are within the discretion of the court, they must be specially awarded, or no costs can be taxed" (11 Cyc. 146, A).

Section 1615, U. S. Compiled Statutes (U. S. R. S. § 974), provides, as to costs in criminal prosecutions, for two classes of cases: (1) Judgments, in prosecutions, for fine or forfeiture. (2) Judgments in all other cases not capital.

It is provided in said section that in the first class of cases the defendant "shall be subject to payment of costs," and in the second class of cases that "the court may, in its discretion, award that the defendant shall pay the costs of the prosecution." The words "shall be subject to the payment of costs," used in connection with the first class of cases, are in apposition to the words used in connection with the second class of cases, to wit, "the court may, in its discretion, award that the defendant shall pay the costs of the prosecution," and can, I apprehend, mean nothing else but that in the first class of cases costs follow the judgment as of course, and in the second class of cases their award is discretionary with the court.

The matter in hand is in the first class of cases, and I am constrained to hold that the costs of prosecution follow the judgment as a matter of course, without the necessity of any special award. See, also, 7 R. C. L. § 26, p. 709, and cases cited; Villines v. State, 105 Ark. 471, 151 S. W. 1023, 43 L. R. A. (N. S.) 207.

The ruling of the clerk on that point is therefore sustained.

## Government's Appeal.

The clerk refused to allow the following items, claimed by the government as proper to be taxed, to wit: "Interest on the judgment, $38.00," and "Printing brief on appeal, $82.-00," and from those disallowances the government appeals.

The clerk is correct in both these matters. As to interest on the fine, see 19 Cyc. 549; People v. Sutter St. Ry. Co., 129 Cal. 545, 62 Pac. 104, 79 Am. St. Rep. 137; State v. Steen, 14 Tex. 396. As to "printing briefs on appeal," says the Louisiana court:

"There is, indeed, no more reason to have the party cast pay the costs of putting in print the argument of opposite counsel than there would be to have him pay for the oral argument." Cline v. Crescent City R. Co., 42 La. Ann. 35, 7 South. 66.

See Kursheedt Mfg. Co. v. Naday, 108 Fed. 918, 48 C. C. A. 140; Lee Injector Mfg. Co. v. Penberthy Injector Co., 109 Fed. 964, 48 C. C. A. 760.

Besides, I think that, even if the costs of printing the brief should be considered as costs, it is costs on appeal, and should have been taxed in the appellate court and embodied in the mandate, the same as is done in the matter of taxing the cost of printing the record.

It follows, therefore, that the ruling of the clerk as to the matters involved in either appeal and in both appeals is hereby affirmed.

⊗⟶See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes