THE STATE ex rel. SEEBERT G. JONES, Circuit Attorney, v. HOWE SCALE COMPANY OF ILLINOIS, Appellant.

Division Two, March 4, 1919.

1. **CONSTITUTIONAL QUESTION: Motion to Quash Execution: Appellate Jurisdiction.** The constitutionality of a statute on which a judgment in a civil case is based, cannot be raised for the first time by a motion to quash an execution issued upon said judgment. Consequently the Supreme Court does not have jurisdiction of an appeal from an order of court overruling a motion to quash an execution which assails the costitutionality of a statute in pursuance to which a judgment for one thousand dollars was rendered against appellant.

2. ———: ———: In Criminal Case. Cases holding that the constitutionality of a criminal statute under which a conviction has been had may be raised for the first time after judgment under the Habeas Corpus Act have no bearing on the question of a defendant's right in a civil case to raise, by a motion to quash the execution, the constitutionality of the statute upon which the judgment was based.

3. ———: ———: Must Be Timely Raised: Penalty. Unless the constitutional question is timely lodged in a civil case the Supreme Court does not have jurisdiction of an appeal from a monetary judgment of one thousand dollars, whether it be assessed as a penalty for the violation of a statute or otherwise. Consequently if it is apparent that defendant had oppurtunity to attack the validity of the statute which formed the basis of the action and did not avail himself of it at any time during the trial, he cannot, by a motion to quash the execution, so raise it as to give the Supreme Court jurisdiction of an appeal from an order overruling the motion.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillan*, Judge.

Transferred to St. Louis Court of Appeals.

*B. A. Wood* and *Anderson, Gilbert & Hayden* for appellant.

(1) Where a statute is unconstitutional, an execution on a fine assessed under it will be quashed, although the judgment had previously been affirmed on appeal. State v. Finley, 187 Mo. App. 72; Same Case, 259 Mo. 414; Same Case, 162 Mo. App. 134; Same Case, 234 Mo. 603; Exp. Smith, 135 Mo. 229. Jurisdiction comes from Constitution and laws and not from mistaken interpretation, and a judgment entered under an unconstitutional statute is void. Finley v. United Railways Co., 238 Mo. 19. (2) The judgment is void because there is no law imposing a fine for violation of Section 1025, as approved March 24, 1903. Old Section 1025 was repealed and this repeal carried with it the penalty section following. Where a section is repealed, for whose violation a penalty is provided, the penalty

does not attach to a new section covering the same matter. Com. v. Kelleher, 12 Allen (Mass.) 481; State v. Gaunt, 13 Ore. 118; State v. Ashley, Dudley (Ga.), 188; Neil v. Dillon, 3 Mo. 59. (3) If the execution be not quashed, defendant will be deprived of its property without due process of law in violation of Amendment 14 of the Constitution of the United States. There is no law in force providing a fine for the act passed in 1903, and hence a judgment so imposing is void. Where a judgment shows on its face no judgment could lawfully be entered, no execution can be entered thereunder. Holzhorn v. Meer, 59 Mo. 434. (4) There is no law in this State which provides that a fine draw interest. The execution directs the sheriff to collect interest, and unless quashed, will deprive defendant of its property in violation of Amendment 14 to the United States Constitution.

*Frank W. McAllister*, Attorney-General, and *John T. Gose*, Assistant Attorney-General, for respondent.

(1) Although no motion has been made by respondent, this court will, of its own motion, inquire whether it has jurisdiction. Electric Service Co. v. Mfg. Co., 125 Mo. 140; State v. Finley, 259 Mo. 421. It is hardly necessary to cite authorities to the proposition that, "It must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest possible moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived." Barber Asphalt Co. v. Ridge, 169 Mo. 387. See also Lohmeyer v. Cordage Co., 214 Mo. 691; State v. Gamma, 215 Mo. 104; Hartzler v. Railroad, 218 Mo. 564; Dudley v. Railroad, 238 Mo. 187; Ross v. Grand Pants Co., 241 Mo. 299; Howell v. Sherwood, 242 Mo. 540. And it would seem that if the constitutional question must be raised as soon as it properly can be and in the trial which results in the

judgment, then it cannot be raised in a supplementary proceeding which is taken for the purpose of realizing on said judgment. State v. Finley, 259 Mo. 414. That no constitutional question was raised by the record of the trial court has been determined by this court in this identical case when it was here on a former occasion and was then certified to the St. Louis Court of Appeals. State ex rel. v. Howe Scale Co., 253 Mo. 63. (2) Appellant also says that the effect of the Act of March 24, 1903, repealing Sec. 1025, R. S. 1899, and at the same time enacting Section 1025 in lieu thereof, was to also repeal Section 1026 which, among other things, imposed the penalty; and that therefore the "due process of law" provision of the constitution is violated if this judgment is enforced. It is only necessary to say that this question was raised for the first time by appellant's motion to quash the execution.

WILLIAMS, P. J.—This is an appeal from an order of the Circuit Court of the City of St. Louis, overruling defendant's motion to quash an execution issued out of said court to collect a judgment which had theretofore been rendered against defendant in the sum of $1000.

The original suit which resulted in the above mentioned judgment was instituted by the State of Missouri at the relation of the Circuit Attorney of the City of St. Louis and sought to recover from the defendant a penalty in the sum of $1000 under Section 3040, Revised Statutes 1909, for a violation by said foreign corporation of the provision of Section 3039, Revised Statutes 1909.

Defendant filed a demurrer to the petition, which was overruled, and upon defendant's refusal to plead further judgment was rendered against it for the above sum.

On the theory that a constitutional question was involved an appeal was granted defendant to this court. This court held that a constitutional question was not

Vol. 277,        OCTOBER TERM, 1918.        217

State ex rel. Jones v. Howe Scale Co.

involved and certified the case to the St. Louis Court of
Appeals. [See 253 Mo. 63.]   Thereafter the Court of
Appeals affirmed the judgment.   [See 182 Mo. App.
658.]

After the mandate from the Court of Appeals
reached the circuit court an execution was issued upon
the judgment.   Thereafter defendant filed a motion to
quash the execution, which motion is as follows:

"Now comes defendant, The Howe Scale Company
of Illinois, by its attorney, and respectfully shows:

"That on July 10, 1914, there was issued out of
the circuit court, City of St. Louis, in cause No. 59475A,
execution No. 129 to the October Term, 1914, command-
ing the sheriff of said city to cause to be made of the
goods, chattels and property of defendants a certain
judgment rendered in said cause on February 7, 1910,
for $1000 and costs, and that the said sheriff threatens
to levy on the property of defendant;

"That said execution should be set aside, stayed and
quashed for the following reasons, to-wit:

"1.   Because the judgment under which said execu-
tion is issued is void;

"2.   Because the court had no jurisdiction to
assess a fine or to enter said judgment;

"3.   Because Section 1025, Revised Statutes 1899,
enacted in 1903, under which said judgment purports
to be entered, does not provide that the penalty defined
in Section 1026, Revised Statutes 1899, shall be ap-
plicable;

"4.   Because there is no law authorizing the im-
position of a fine for a failure to observe the provisions
of Section 1025, as enacted in 1903;

"5.   Because Section 1026, Revised Statutes 1899,
is unconstitutional and void, because in violation of
Section 28 of Article IV of the Constitution of Missouri,
as the act in which said section was passed contains
more than one subject, expresses in its title the subject
of each other section, and does not express in its title
the subject of said section known as Section 1026;

"6. Because the said execution and judgment violate Section 25 of Article IV of the Constitution of Missouri;

"7. Because said execution and judgment violate Section 34 of Article IV of the Constitution of Missouri;

"8. Because said judgment and execution violate Section 4 of the Act of Admission to the Union;

"9. Because said judgment and execution violate the Constitution of the United States and Amendment XIV thereof, and if said execution is not quashed defendant will be deprived of its property without due process of law;

"10. Because said judgment and execution violate the Constitution of the United States and Amendment XIV thereof and deny to defendant the equal protection of the laws;

"11. Because said judgment does not follow the petition in said cause, or the prayer thereof, and is not supported by the allegations of said petition;

"12. Because there is no finding of fact upon which any judgment can be entered;

"13. Because there is no inquiry, but judgment was entered on motion of relator, and the court had no jurisdiction to enter a final judgment on motion of relator;

"14. Because said judgment is so vague and uncertain that it cannot be determined what is decided or adjudged therein;

"15. Because said execution recites that State of Missouri at the relation of Seebert G. Jones, Circuit Attorney of the City of St. Louis, is plaintiff; that said Seebert G. Jones is not now and has not been since the first Monday in January, 1913, Circuit Attorney of the City of St. Louis; that Hon. Thomas B. Harvey is now and has been since said date Circuit Attorney of said city:

"16. Because said execution is void;

"17. Because said execution is so vague and uncertain that it cannot be determined in whose favor it is issued;

"18. Because said execution does not follow the judgment, under which it purports to be issued;

"19. Because said execution violates the Constitution of the State of Missouri and Section 8 of Article XI thereof and directs the said sheriff to cause said judgment to be made for other than the School Fund of the City of St. Louis; the City of St. Louis is a separate political subdivision and treated as a county; the school fund of said city is the school fund of a county within the meaning of said section of the Consitution; the Board of Education of the City of St. Louis is the trustee and custodian of said school fund and is the only person entitled to receive any moneys belonging to said school fund; the judgment in said cause assessed a fine which by said section belongs to said school fund; no one is entitled to receive any fine except said board of education.

"Wherefore defendant moves the court to set aside, stay, quash and for naught hold said execution and that the court grant defendant such other and further relief as it may be entitled to."

The motion to quash the execution was overruled and defendant was granted an appeal to this court.

The first question for determination is whether the constitutionality of a statute, upon which a judgment in a case is based, can be raised **Appellate Jurisdiction.** for the first time by a motion to quash the execution.

Appellant contends that such may be done and in support thereof cites cases of this court holding that a question concerning the constitutionality of a criminal statute, upon which a conviction has been had, may be raised for the first time after judgment in a proceeding under the Habeas Corpus Act.

We are not now called upon to discuss or determine the soundness of the line of cases to which

reference is above made, because the present pro-
ceeding was clearly a civil action. [State ex rel. Jones
v. Scale Company, 253 Mo. 63, l. c. 67; Same Case,
182 Mo. App. 658.]

The rule now firmly fixed in this State concerning
the time for raising constitutional questions in civil
cases was stated by LAMM, J., in the case of Lohmeyer
v. Cordage Co., 214 Mo. 685, l. c. 689-90, as follows:

"But it must be taken as settled law that in so
grave a matter as a constitutional question it should
be lodged in the case at the earliest moment that good
pleading and orderly procedure will admit under the
circumstances of the given case, otherwise it will be
waived," citing cases.

To the same effect are the following cases: Ross
v. Grand Pants Co., 241 Mo. 296, l. c. 299, and the
many cases therein cited; Dubowsky v. Binggeli, 258
Mo. 197, l. c. 202.

In the case of Lohmeyer v. Cordage Co., supra, the
statute, the constitutionality of which was sought to
be assailed untimely, formed the very basis of the
action, as is likewise true of the statute in the case at
bar, and the case is for that reason very much in point.

It is also well settled by the foregoing cases that
unless the constitutional question is timely lodged this
court does not acquire jurisdiction of the appeal.

In the case at bar it is very apparent that the
defendant first had the opportunity of raising the
numerous constitutional questions, attacking the validity
of the statute which forms the basis of the action, when
the action upon the merits was pending and before judg-
ment upon the merits.

Applying the above rule it follows that the failure
of appellant to thus timely raise the constitutional
questions constituted a waiver of the same and that said
questions are therefore not involved upon this appeal.

Since the grounds, other than the alleged con-
stitutional ones, of the motion to quash, also do not
present questions which will confer jurisdiction upon

this court, it follows that we are without jurisdiction over the cause and that the same must be transferred to the St. Louis Court of Appeals.

It is so ordered.

All concur, *Walker, J.*, not sitting.