THE STATE OF MISSOURI, at the relation of SEEBERT G. JONES, Circuit Attorney of the CITY of St. Louis, Respondent, v. THE HOWE SCALE COMPANY OF ILLINOIS, Appellant.

St. Louis Court of Appeals. Opinion Filed February 3, 1920.

1. EXECUTIONS: Motion to Quash: When Made in Open Court Need Not Be Verified. Section 2244, Revised Statutes of Missouri 1909, enabling a defendant, when the court is in vacation or during the recess of the court, to apply to any judge thereof by petition veri-

fied by affidavit, to obtain a stay of execution until he can be heard in court as to whether such execution shall be set aside or quashed, does not exclude the ordinary remedy by motion to quash, unsupported by affidavit made in open court in term time.

2. **CORPORATIONS: Foreign Corporations: Doing Business Within State: Failure to File Copy of Charter: Penalty Section Not Repealed.** Where the original act requiring foreign corporations doing business within this State to file in the office of the Secretary of State a copy of its charter, etc., was repealed, and a new section enacted in lieu thereof, etc., now section 3039, Revised Statutes 1909, and it is apparent that it is only a reenactment of the old section with but one additional clause added thereto, etc., the penalty section of the original act, section 3040, Revised Statutes 1909, was not repealed.

3. **INTEREST: Judgments Penal in Nature Do Not Bear Interest.** *Held* that section 7181, Revised Statutes 1909, which provides that interest shall be allowed on all money due upon any judgment or order of court, from the date of rendering the same until satisfaction be made by payment, accord or sale of property, etc., does not include judgments which are penal in their nature and have for their sole object the punishment of an offender, and hence, the penalty imposed by section 3040, Revised Statutes 1909, being for the purpose of punishment, a judgment for such penalty does not carry interest.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*B. A. Wood* and *Anderson, Gilbert & Hayden* for appellant.

(1) Where a statute is unconstitutional, an execution on a fine assessed under it will be quashed, although the judgment had previously been affirmed on appeal. State v. Finley, 187 Mo. App. 72; Same Case, 259 Mo. 414; Same Case, 162 Mo. App. 134; Same Case, 234 Mo. 603; Exp. Smith, 135 Mo. 229; Jurisdiction comes from constitution and laws and not from mistaken interpretation, and a judgment entered under an unconstitutional statute is void. Finley v. U. R. Co., 238 Mo. 19. (2) Section 1026, R. S. 1899, is unconstitutional because the act in which it was passed did not

comply with section 28, article 4. Woodward Hdw. Co. v. Fisher, 269 Mo. 271; City v. Wortman, 213 Mo. 131. (3) The judgment is void because there is no law imposing a fine for violation of section 1025, as approved March 24, 1903. Old section 1025 was repealed and this repeal carried with it the penalty section following. Where section is repealed, for whose violation a penalty is provided, the penalty does not attach to a new section covering the same matter. Com. v. Kelleher, 12 Allen (Mass.), 481, 482; State v. Gaunt, 13 Ore. 118, 119; State v. Ashley, Dudley, 188; Neil v. Dillon, 3 Mo. 59. (4) If the execution be not quashed, defendant will be deprived of its property without due process of law in violation of Amendment 14 of the Constitution of the United States. There is no law in force providing a fine for the act passed in 1903, and hence, a judgment so imposing is void. Where a judgment shows on its face no judgment could lawfully be entered, no execution can be entered thereunder. Holzhorn v. Meer, 59 Mo. 434. (5) There is no law in this State which provides that a fine draw interest. The execution directs the Sheriff to collect interest, and unless quashed, will deprive defendant of its property in violation of Amendment 14 to the United States Constitution. (6) As the term of Seebert G. Jones had run out, no execution could be issued until his successor was substituted. Smith v. Inge, 80 Ala. 285; Felts v. Mayor, 2 Herd, 656; McDonald v. Algeo, 96 Ill. App. 83; Section 1925, R. S. 1909.

*Frank W. McAllister* Attorney-General, *John T. Gose,* Assistant Attorney-General, and *Thomas B. Harvey* for respondent.

BECKER, J.—The State of Missouri, at the relation of Seebert G. Jones, Circuit Attorney of the City of St. Louis, brought suit against The Howe Scale Company, duly incorporated under the laws of the State of Illinois, to recover a fine of "not less than $1000, as provided by section 1026, Revised Statutes of Missouri,

1899'' (now section 3040, Revised Statutes of Missouri, 1909) because of its alleged failure to comply with the requirements of section 1025 of Act approved March 24, 1903, Laws of Missouri, 1903, page 121 (now section 3039, Revised Statutes of Missouri, 1909), which requires foreign corporations doing business within this State to file, in the office of the Secretary of State, a copy of its charter or articles of association, etc. In due course a fine of $1000 was assessed and judgment rendered thereon against defendant. An appeal was taken to the Supreme Court, which appeal, however, was transferred to this court (253 Mo. 63, 161 S. W. 798), where the judgment was affirmed (182 Mo. App. 658, 166 S. W. 328). Thereafter execution was issued on the judgment, which execution commanded the sheriff to cause to be made the judgment, *interest* and costs. Thereupon the defendant filed a motion to set aside, stay and quash said execution, which motion being overruled the defendant duly took and perfected its appeal to the Supreme Court, which court held that it was without jurisdiction and transferred the cause here. [210 S. W. 8.]

Defendant's motion to quash the execution assigns some nineteen grounds in support thereof, most of them raising various constitutional questions, all of which the Supreme Court held had not been timely raised by defendant below and were, therefore, not involved in the present appeal. [State ex rel. Jones v. Howe Scale Co., 210 S. W. 8.]

It will not be necessary to set out the defendant's motion to quash in that it appears *in extenso* in the case last cited.

## I.

We will first dispose of the point raised by respondent here, that the circuit court obtained no jurisdiction in the matter at bar in that the defendant's motion to quash the execution as filed in the circuit court was

not verified by oath as required by section 2244, Revised Statutes of Missouri, 1909, which reads as follows:

"If any person against whose property any execution or order of sale shall be issued, apply to any judge of the court out of which the same may have been issued, by petition, verified by oath or affirmation, setting forth good cause why same ought to be stayed, set aside or quashed, reasonable notice of such intended application being previously given to the opposite party, his attorney of record or agent, such judge shall thereupon hear the complaint."

This point is not well taken.

The purpose of section 2244, Revised Statutes of Missouri, 1909, is to enable a defendant, when the court is in vacation or during the recess of the court, to apply to any judge thereof by petition verified by affidavit, to obtain a stay of execution until he can be heard in court as to whether such execution shall be set aside or quashed; but this does not exclude the ordinary remedy by motion to quash unsupported by affidavit made in open court in term time. [Parker v. Hannibal & St. Joe Ry. Co., 44 Mo. 419; Heuring v. Williams, 65 Mo. 446.]

## II.

It is contended that the judgment upon which the execution is based is void because there is no law imposing a fine for violation of section 1025, as approved March 24, 1903, In support of this contention it is argued that inasmuch as the old section 1025 was repealed and a new section (section 1025 as approved March 24, 1903) enacted in lieu thereof, "this repeal carries with it the penalty section 1026," and that it (penalty section 1026) does not attach to the new section covering the same matter.

This point is without merit in that the new section enacted in 1903 is for all practical purposes but a re-enactment of the old section with but one additional

clause added thereto. It is readily apparent from a reading of the bill as set out *in extenso* in Session Acts 1903, page 121, that it was merely for the sake of brevity and convenience that section 1025 was "repealed and a new section enacted in lieu thereof," instead of accomplishing the same purpose by way of amendment. The adoption of the new section 1025 in lieu of the original section 1025 does not fall within that class of cases where a section of the statute is repealed and thus a separate section providing a penalty for the violation of such repealed section becomes ineffective because there is no longer any statute for the violation of the provisions of which such penalty can be invoked.

## III.

Appellant seriously contends that its motion to quash should be sustained in that said execution does not follow the judgment under which it purports to be issued, in that while the judgment assesses a fine against the defendant of $1000, the execution commands the sheriff to make the judgment, *interest* and costs, while under the law a judgment assessing a fine does not bear interest.

We have come to the conclusion that this point is well taken and that no interest on this fine can be recovered. While the proceeeding which resulted in rendering the judgment assessing the fine was clearly a civil action (State ex rel. Jones v. Howe Scale Co., 182 Mo. App. 658, 166 S. W. 328; State ex rel. Jones v. Howe Scale Co., 210 S. W. 8) yet the judgment finding the defendant $1000 for a violation of section 1026 is clearly penal in its nature. The fine assessed in this case against the defendant was not for the purpose of compensation to the State based on any evidence of loss or damage to it, nor for the purpose of the return to it of something that had ever theretofore belonged to it, but the sole purpose was that of punishment.

We hold that section 7181, Rsvised Statutes of Missouri, 1909, which provides that interest ''shall be allowed on all money due upon any judgment or order of any court from the date of rendering the same until satisfaction be made by payment, accord, or sale of property . . . is not intended to include judgments which are penal in their nature and have for their sole object the punishment of an offender.'' Therefore we are of the opinion and so hold that the rule as to interest as applied to judgments in criminal cases should apply here. [See People v. Sutter St. Ry. Co., 129 Cal. 545, 62 Pac. 104, 79 Amer. St. Rep. 137.]

For the reason assigned herein the order of the court overruling the motion to quash the execution is hereby reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. *Reynolds, P. J.,* and *Allen, J.,* concur.