

# The Attorney General of Texas

February 9, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Simpson, Chairman
Committee on Insurance
House of Representatives
Room 125, Reagan Building
Austin, Texas 78711

Opinion No. MW-442

Re: Disposition of fees collected under the provisions of the Safety Responsibility Law

Dear Representative Simpson:

The Sixty-seventh Legislature amended the Safety Responsibility Law, article 6701h, V.T.C.S., by passing House Bill No. 197, an act (according to its title) "relating to compulsory liability insurance for certain vehicles; providing penalties." Acts 1981, 67th Leg., ch. 800 at 3053. The bill added new sections to the law, the first three of which -- with certain exceptions -- prohibit the operation of non-insured vehicles in this state, require owners and operators of vehicles to furnish information concerning evidence of financial responsibility on demand, and impose "a fine" of not less than seventy-five dollars ($75) for failure to maintain financial responsibility as defined. Subsequent offenses are punishable by "a fine" of not less than two hundred dollars ($200).

You are concerned about newly added section 1G which provides:

> Sec. 1G. Fees collected under the provisions of this Act shall be deposited in the Operator's and Chauffeur's License Fund and are hereby appropriated to the Department of Public Safety for the purpose of defraying the expenses necessary for administration of the Act, including but not limited to the employment of necessary clerical, administrative, and enforcement personnel and for defraying the necessary expenses incident to travel, equipment rental, postage, printing of necessary forms, and purchase of all necessary furniture, fixtures, and equipment. (Emphasis added).

As you note, this provision refers to "fees collected" whereas the punishment sections of the new enactment refer to "fines." You ask whether the fines collected pursuant to the added provisions must be

deposited with the Department of Public Safety as section 1G requires "fees" to be deposited.

There is a fundamental difference between a "fine" and a "fee." A fine is a pecuniary punishment assessed against a person who has been convicted of a crime. State v. Steen, 14 Tex. 396 (1855). See 25 Tex. Jur. 2d Fines §1 at 326. A fee, on the other hand, is a charge fixed by law for services of public officers or for the use of a privilege under the control of the government. See Gulf Union Oil Company v. Isbell, 205 S.W.2d 105 (Tex. Civ. App. - Austin 1947, no writ); Black's Law Dictionary, 5th ed. at 553 (1981).

It has been suggested that the word "fees" instead of "fines" was used in section 1G by mistake. However, in the construction of all civil statutory enactments, while the intention of the legislature is to be diligently sought, the ordinary signification is to be applied to words except in certain circumstances -- words of art or words connected with a particular trade or subject matter. V.T.C.S. art. 10. Moreover, where the same word has been used elsewhere in a statute it will be given a like meaning in both instances unless there is some indication the legislature intended that it have different meanings. L & M-Surco Manufacturing, Inc. v. Winn Title Company, 580 S.W.2d 920 (Tex. Civ. App. - Tyler 1979, writ dism.). The use of the word "fees" in this new section of the Safety Responsibility Law is unambiguous, particularly when the new provision is read with section 36 of the law as it already existed. That section states:

> Sec. 36. All fees and charges required by this Act shall be remitted without deduction to the Department at Austin, Texas, and all such fees so collected shall be deposited in the Treasury of the State of Texas to the credit of the Operator's and Chauffeur's License Fund established under Article 6687b, Texas Revised Civil Statutes. In addition to statutory recording fees of county clerks required in Section 24, any filing with, certification or notice to the Department in compliance with any of the provisions of this Act, or request for certified abstract of operating record required in Section 3, except report of accident required in Section 4, shall be accompanied by a fee of Five Dollars ($5) for each transaction. Statutory fees required by the [State Department of Highways and Public Transportation] in furnishing certified abstracts or in connection with suspension of registrations, or such statutory fees which shall become due the State Treasurer for issuance of certificates of

deposits required in Section 25, shall be remitted from such Fund.  (Emphasis added).

We conclude that the word "fees" used in section 1G of the statute refers to the same type of charges referred to in section 36 thereof, and not to fines assessed as punishment.  Section 1G appropriates and earmarks for certain purposes the fees collected pursuant to section 36.  Cf. Id. §37.  The phrase in section 1G, "collected under the provisions of this Act" has reference to article 6701h in its entirety, as amended, as does the phrase in section 36, "required by this Act."  An amendment will be construed and harmonized with the act that it amends or to which it is added.  Schlichting v. Texas State Board of Medical Examiners, 310 S.W.2d 557 (Tex. 1958). See 53 Tex. Jur. 2d, Statutes §187 at 284.

One other matter is worthy of note.  While the section 1G provision is a civil statutory enactment, the new provisions which exact criminal penalties for certain conduct are provisions to which both the Penal Code and Code of Criminal Procedure apply.  See Penal Code §1.03(b); C.C.P. art. 1.02.  Article 1006 of the Code of Criminal Procedure states, "[A]ll fines... collected under any provision of this Code, shall forthwith be paid over... to the county treasurer of the proper county...."  See Attorney General Opinion C-596 (1966). Cf. Attorney General Opinion V-1022 (1950).

### . S U M M A R Y

The word "fees" as used in section 1G of article 6701h, V.T.C.S., the Safety Responsibility Law, does not include fines.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Reed Lockhoof
Jim Moellinger
Bruce Youngblood